145 So. 820

## In re OPINIONS OF THE JUSTICES.

## In re PROPOSED ACT AUTHORIZING LEASING OF BRIDGES BY ALABAMA STATE BRIDGE CORPORATION TO STATE HIGHWAY DEPARTMENT.

### No. 22.

Supreme Court of Alabama.

Feb. 16, 1933.

Response of the Justices of the Supreme Court to questions propounded by the Senate, under section 10290 of the Code, 1923.

Questions answered.

Senate Resolution No. 16

By Mr. Scruggs.

Whereas there is now pending before the Senate of the State of Alabama Senate Bill No. 19, and,

Whereas, the Acts of the Legislature, approved August 31, 1927 (subdivision 4 of section 1, page 279, of the Acts of 1927), contains the following language:

"Powers of.—3. To receive, take and hold by sale, gift, lease, devise, or otherwise, real and personal estate of every description, and to manage and dispose of the same by any form of legal conveyance or transfer, with full power and authority to borrow money and to convey by mortgage or deed of trust; to acquire, hold, purchase, receive by bequest or devise, and to convey or otherwise dispose of all such real, personal and mixed property as may be necessary or convenient for the construction, operation or maintenance of bridges and approaches thereto at crossings of the hereinafter designated streams, or for the conduct and maintenance of the business of building, constructing and maintaining the bridges hereinafter described; to borrow money, to issue notes, bonds or other negotiable paper, mortgage, pledge or otherwise transfer or convey its real, personal and mixed property to secure the payment of money borrowed, or any debt contracted."

And whereas, article XX and article XXA of the Constitution both contain the following language:

"The State is authorized to engage in the construction, improvement, repair and maintenance of public roads, highways, and bridges in the State of Alabama.—The State Highway Commission or the Highway Department shall locate, construct, and maintain highways and State trunk roads so as to connect each County seat with the County seat of the adjoining County by the most direct or most feasible route, or by a permanent road, having due regard to the public welfare, and to connect the County seats of the several border counties at or near the State line with a public road in the border States. Provided that in Counties which are divided into two or more Judicial divisions in each of which regular terms of Circuit Court are held, the places where said terms of Court are held shall likewise be connected with each other. It shall be the duty of said Highway Commission or Highway Department to equitably apportion among the several Counties the expenditure of both money and labor, and the time or times of making such investment not less than one quarter of a million dollars of the proceeds of these bonds shall be set aside and expended by the State Highway Commission by each County in the State. To create a sinking fund for the prompt, and faithful payment of the principal and interest on these bonds *and for the construction, maintenance and improvement of public highways, roads, and bridges*, the Legislature shall, etc."

Therefore, be it resolved by the Senate, that the Justices of the Supreme Court of Alabama, or a majority thereof, are hereby requested to render to this body their written opinion, as provided under section 10290 of the Code of Alabama;

1. As to whether or not said bill now pending bestows upon the Highway Department of the State of Alabama any other, further, or additional powers than those granted to it by said article XX and/or by said article XXA of the Constitution.

2. Whether said act now pending grants to the said Alabama State Bridge Corporation any additional powers with reference to a lease of said property not granted to it by said act of the Legislature approved August 31, 1927.

3. Whether or not said act now pending grants to the Highway Department of the State of Alabama any powers or rights not conferred upon it by said articles XX and/or article XXA of the Constitution.

4. Whether or not said act violates article XX of the Constitution.

5. Whether or not said act violates article XXA of the Constitution.

6. Whether or not article XX and article XXA of the Constitution gives an unlimited power to the Highway Department to construct and maintain, or improve public roads, highways and bridges in the state of Alabama.

7. Through the power given by article XX and/or article XXA does it include the power to lease said bridges with or without an enabling act of the Legislature?

The pending bill referred to in the resolution is as follows:

By Mr. Scruggs,
S. B. No. 19.

A bill to be entitled an act to provide for the leasing to the State Highway Department of the State of Alabama by the Alabama State Bridge Corporation of all bridges and other property now owned by the Alabama State Bridge Corporation, and to provide for the leasing of said bridges by the Highway

Department of the State of Alabama; to provide the method and manner of the execution of said lease, and for the use of said property and to make an appropriation therefor.

Be it enacted by the Legislature of Alabama:

Section 1. That the State Highway Department of the State of Alabama be and is hereby authorized to lease from the Alabama State Bridge Corporation all of the fifteen toll bridges and other property now owned by the Alabama State Bridge Corporation, and said Bridge Corporation is hereby authorized to rent and lease to the State Highway Department of the State of Alabama said bridges and other property; said lease to be for an annual rental of not exceeding Three Hundred Thousand Dollars which sum, or so much thereof as is necessary, is hereby appropriated for said purpose mentioned in this Act.

Section 2. That the said sum of Three Hundred Thousand Dollars herein appropriated shall be set aside as a trust fund out of any money belonging to or heretofore or hereafter appropriated for the use and benefit of or to the State Highway Department not otherwise heretofore appropriated, and shall be paid annually to the Alabama State Bridge Corporation, and be used by it exclusively for the payment of the interest, and/or principal of any refunding bonds issued by the said Alabama State Bridge Corporation as the same falls due or matures, and shall be used for no other purpose.

Section 3. That said lease shall provide that the State Highway Department of the State of Alabama shall at all times keep repaired and in good condition each and every bridge and/or property so leased as a part of the public highway system of the State of Alabama without expense to the Alabama State Bridge Corporation and said lease shall also provide that in case of a destruction of any of said property during the term of said lease, the State Highway Department shall reconstruct such property as is destroyed, in addition to the annual rental above provided for. Said lease shall continue for such length of time as the Alabama State Bridge Corporation may have any refunding bonds outstanding. Said lease shall also provide that said property shall be used without the collection of tolls or charges from the public but shall be used in connection with and as a part of the public highway system of the State of Alabama during the term of this lease and at its expiration shall become the public property of the State of Alabama, but no provision in this Act or in said lease shall in any wise impair the obligations of any contract now existing whereby 'the Alabama State Bridge Corporation is a party thereto.

Section 4. The power given herein to lease the said bridges shall not be exercised unless and until the bonds now outstanding against said bridges shall have been refunded on a basis that the annual interest and principal amortization fund shall not exceed Three Hundred Thousand Dollars.

Section 5. This Act shall take effect immediately upon its passage and approval.

### Response of the Justices

To the Senate of Alabama:

Responding to your inquiries by Senate Resolution No. 16, hereto attached, we submit our advisory opinion as follows:

1. Amendments to the Constitution numbered XX and XXA confer authority upon the state to engage in the construction and maintenance of highways and bridges, and to appropriate money for such purposes. This general power is vested in the Legislature, the law-making body of the state.

True, these amendments recognize the State Highway Department as an existing state agency, and confer upon it certain powers touching the location and construction of the road system defined in the amendments, as well as apportionment among the several counties of the road fund arising from bonds to be issued thereunder. This, in no way, divests the Legislature of its general legislative powers over road and bridge construction and maintenance, nor over the Highway Department, save as to the special powers above mentioned. We, therefore, answer inquiry No. 1 in the affirmative.

2. We do not think the powers of the bridge corporation under the creative act of 1927, as set out in your resolution, include all the powers conferred by pending Senate Bill No. 19. We answer inquiry No. 2 in the affirmative.

3. Inquiry No. 3 is answered in the affirmative for reasons stated in answer to No. 1.

4 and 5. Inquiries Nos. 4 and 5 are answered in the negative. These amendments do not deal with the subject-matter of the act, save as they grant general powers to the state, to be exercised through the Legislature.

6. Inquiry No. 6 is answered in the negative. Its powers are conferred by law and defined by law. See answer to No. 1.

7. Inquiry No. 7 is answered in the negative for reasons already given.

Chief Justice ANDERSON and Justices BROWN and KNIGHT, by this opinion, would not be understood as sustaining the constitutionality of the pending bill. Their views are stated in former dissenting opinion on similar bill.

Respectfully submitted,

JNO. C. ANDERSON
Chief Justice
LUCIEN D. GARDNER

VIRGIL BOULDIN
JOEL B. BROWN
A. B. FOSTER
THOMAS E. KNIGHT
Associate Justices.