26 So.2d 103

### OPINION OF THE JUSTICES.
### No. 70.

Supreme Court of Alabama.
April 27, 1946.

---◆---

Questions propounded by the Governor to the Justices of the Supreme Court under Code 1940, Tit. 13, § 34.

Questions answered.

April 24, 1946.

The Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama,

Montgomery, Alabama.

Gentlemen:

Under the provisions of Title 13, Section 34, Code of Alabama of 1940, I respectfully request your opinion on important constitutional questions set forth herein.

Act No. 82 of the Legislature of 1945, approved June 9, 1945, Acts of 1945, page 79, authorizes the Department of State Docks and Terminals of Alabama, with approval of the Governor, to expand port facilities of the State of Alabama to meet the present and prospective needs of trade and commerce; to acquire and operate additional properties and facilities; to borrow money and to incur indebtedness, and to issue and sell bonds, notes or certificates referred to in said Act as "Revenue Securities" which may be made payable out of the revenues of said Department; and authorizes the pledging of such revenues to secure the payment of said securities, and provides that such revenue securities shall not constitute an indebtedness of the State of Alabama, and shall not pledge the full faith or credit of the State of Alabama.

It has been administratively determined that this expansion and enlargement of the seaport facilities at the State Docks and Terminals in Mobile County, Alabama, is necessary in order to meet the present and prospective needs of trade and commerce.

Before undertaking the issuance of such revenue securities, I respectfully propound to you for answer the following questions:

First. Will such revenue securities of said Department when issued under the authority of said Act No. 82 constitute debts created against or incurred by the State of Alabama, or its authority, within the meaning of Section 213 of the Constitution of Alabama of 1901?

Second. Will the issuance of such revenue securities under the authority of said Act No. 82 be violative of Section 93 of the Constitution of Alabama of 1901, as amended by Amendment No. XII known as the Mobile Port Amendment?

Respectfully submitted,

Chauncey Sparks,

Governor of Alabama.

His Excellency,

The Honorable Chauncey Sparks,

Governor of Alabama,

State Capitol,

Montgomery, Ala.

Dear Sir:

Responding to the above noted inquiries, we respectfully submit the following:

■ The Legislature has the power to authorize the Department of State Docks and Terminals of Alabama to use revenues (Chapter 1, Title 38, Code 1940) to be derived from the operation of its seaport facilities for their expansion and enlargement, subject to previous valid commitments. The act of June 9, 1945, Acts 1945, p. 79, so understood, has the effect to authorize the Department of State Docks and Terminals to make present use of the income so to be derived in future years for such improvements.

We have often held that a State agency may thus capitalize on funds thus derived without creating a debt. Herbert v. Perry County, 235 Ala. 71, 177 So. 561; In re Opinion of Justices, 230 Ala. 673, 163 So. 105; Keller v. State Board, 236 Ala. 400, 183 So. 268; Harman v. Alabama College, 235 Ala. 148, 177 So. 747; Scott v. Alabama Bridge Corporation, 233 Ala. 12, 169 So. 273; Rogers v. Garlington, 234 Ala. 13, 173 So. 372; In re Opinion of Justices, 220 Ala. 539, 126 So. 161. The case of Lang v. City of Mobile, 239 Ala. 331, 195 So. 248, fully sustains the views herein expressed.

The opinion in Harman v. Alabama College, supra, distinguished this principle from one where a city or county which has reached its debt limit cannot legally pledge revenue to be derived from its existing facilities for new money.

These authorities, therefore, are sufficient, without further discussion to sustain the issuance of the "Revenue Securities" as provided in the act of June 9, 1945, as against any contention that such a proceeding would run counter to either Sec. 213 or Sec. 93 as amended (Amendment XII) of our Constitution.

It results, therefore, that both inquiries No. 1 and No. 2 are to be answered in the negative.

Respectfully submitted,

LUCIEN D. GARDNER
Chief Justice

JOEL B. BROWN
ARTHUR B. FOSTER
J. ED LIVINGSTON
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
Justices