30 So.2d 715

## OPINION OF THE JUSTICES.

### No. 75.

Supreme Court of Alabama.

May 14, 1947.

To the Honorable Chief Justice and
Associate Justices of the Supreme Court
of Alabama
Montgomery, Alabama
Gentlemen:

Enclosed is a proposed bill and a proposed order of the Director of the Department of State Docks and Terminals of Alabama.

You will note that the proposed bill is a revision of Act No. 82 of the Legislature of 1945, approved June 9, 1945, Acts of 1945, Page 79 [Code 1940, Tit. 38, § 45 (1) et seq.], which you considered in an Opinion of the Justices, 247 Ala. 663, 664, 26 So.2d 103.

It has been administratively determined that this expansion and enlargement of the seaport facilities at the State Docks and Terminals is necessary in order to meet the present and prospective needs of trade and commerce.

Under the provisions of Title 13, Section 34 of the Alabama Code of 1940, I respectfully request your opinion on the following important constitutional questions:

1. Is the subject clearly expressed in the Title as required by Section 45 of the Constitution of Alabama?

2. Is there more than one subject expressed in the Title in violation of Section 45 of the Constitution of Alabama?

3. Does the proposed bill violate Section 93, as amended, known as the Mobile Port Amendment?

4. Does the proposed bill violate Section 213 of the Constitution of Alabama, as amended?

5. Will the issuance of the revenue securities, provided for in the proposed bill under the authority of said bill and the proposed order of the Director, be violative of Section 93 of the Constitution of Alabama, as amended by Amendment No. XII, known as the Mobile Port Amendment?

6. Will the issuance of the revenue securities, provided for in the proposed bill under the authority of said bill and the proposed order of the Director, be violative of Section 213 of the Constitution of Alabama?

Respectfully submitted,
(signed) James E. Folsom
Governor.

A Bill

To Be Entitled

An Act

To authorize the Department of State Docks and Terminals of Alabama, with the approval of the Governor, to expand the port facilities of the State of Alabama to meet the present and prospective needs of trade and commerce; to acquire and operate additional properties and facilities; to borrow money and to incur indebtedness and to issue and sell bonds, notes or certificates referred to herein as revenue securities; to provide the purposes for which such money may be borrowed, or such indebtedness may be incurred; to provide for the form, tenure, effect, interest, and rates of maturities and payment of such revenue securities; to provide that such revenue securities shall not constitute indebtedness of the State of Alabama, and shall not pledge the faith or credit of the State of Alabama; to provide that such Revenue Securities may be payable from the gross revenues of the unit or units or facility or facilities in whole or in part acquired with the proceeds of such Revenue Securities and out of the gross revenues of said Department, subject to sinking fund requirements, operating expenses or other valid commitments; to provide for and authorize the pledge of such revenues to such revenue securities and to provide for the order of payment and priorities of payment of such revenue securities out of such revenue; to authorize the publication of notice concerning the issuance of such revenue securities and limiting the time within which any action may be brought to set aside or contest the validity of any such

revenue securities or any proceedings authorizing same or any contractual obligations incurred in connection therewith; to provide for the acceptance of grants and to contract with reference to such grants; to provide for the funding or refunding of obligations of said department by the issuance of such revenue securities and to provide the effective date of this Act and repeal all laws and parts of laws in conflict with the Act.

Be it Enacted by the Legislature of Alabama:

Section 1. The State of Alabama, acting by and through its Department of State Docks and Terminals, by and with the consent of the Governor, may further expand and enlarge its Seaport Facilities in order to meet the present and prospective needs of trade and commerce, and may further develop, construct, purchase, lease, acquire, maintain and operate additional properties, real and personal, and facilities, in any of the harbors and seaports within the State or its jurisdiction, and to those ends may exercise such powers as are conferred in this Act, in addition to those now conferred by law. In order to accomplish such purposes, the said Department may, with the approval of the Governor, borrow from time to time such sums of money as may be reasonably necessary in the purchase or acquisition or lease of additional properties, real or personal, or in the development or improvement, maintenance or repair of any properties now owned or hereafter acquired, or for the payment of any indebtedness lawfully incurred by the Department; and any such indebtedness may be evidenced by bonds, notes or certificates of indebtedness hereinafter referred to as "Revenue Securities", issued by the Department. Such Revenue Securities shall be issued in the name of the Department, and shall have impressed thereon the Department seal and shall bear such date or dates, and shall mature at such time or times, not exceeding forty (40) years from their respective dates, and shall bear interest any such rate or rates, not exceeding four per cent per annum payable semi-annually, and shall be in such denomination or denominations and shall be in such form, either coupon or registered, and shall carry such registration privileges, and shall be subject to such terms of redemption, with or without a premium, and shall be executed in such manner, and shall be payable in such medium of payment and at such place or places, as may be provided in the order of the Director of the Department which authorizes the issuance thereof. No such order shall be valid without the written approval of the Governor and such order shall be recorded in the office of the Secretary of State. None of the Revenue Securities authorized by this act shall constitute an indebtedness of the State within the meaning of any constitutional or statutory provisions of the laws of the State. Such Revenue Securities may be sold at public or private sale for such price or prices as the Director of the Department, with the approval of the Governor, shall determine, provided that the interest cost to maturity or maturities of any such Revenue Securities shall not exceed four percent per annum. Such Revenue Securities are hereby declared negotiable instruments. Any order of the Director of the Department authorizing the issuance of any such Revenue Securities may contain provisions which shall be a part of the contract between the Department and the holder or holders thereof, which provisions may pledge the revenues from which said Revenue Securities and the interest thereon shall be payable, and may provide that after sinking fund requirements and valid commitments have been satisfied from the revenues of the Department, exclusive of the revenues from the unit or units, facility or facilities, which are to be constructed, purchased, leased or otherwise acquired by the said Department in whole or in part with the proceeds of the bonds issued, the operating expenses of such unit or units, facility or facilities so acquired shall be paid out of the revenues of existing facilities subject to valid commitments, and the use and disposition of such revenues and the setting aside of reserves for such revenue securities and the regulation and disposition of any such funds and the order in which said revenue securities shall be payable, and any preference or priorities of or in such payments among the several issues of such Revenue Securities or among such

securities of the same issue; limitations on the purpose or purposes to which the proceeds of sale of any such issue may be applied; provisions as to the redemption of any such securities and concerning the price or prices at which they shall be redeemable; the procedure, if any, by which the terms of any contract with the holders of any such Revenue Securities may be amended or abrogated, the amount of securities the holders of which must consent thereto, and the manner in which such consent may be given. Such revenue securities may be made payable out of the gross revenues of the unit or units of facility or facilities which are to be construed, purchased, leased or otherwise acquired by the said Department in whole or in part with the proceeds of the bonds issued. No part of the gross revenues of the unit or units or facility or facilities constructed, leased, purchased or otherwise acquired by the State Department in whole or in part with the proceeds of revenue securities shall be required to be credited to or paid into the sinking fund for the Alabama Harbor Improvement Bonds heretofore issued. After sinking fund requirements and valid commitments have been satisfied from the revenues of the Department, other than the revenues from the unit or units, facility or facilities constructed, leased, purchased or otherwise acquired by the Department in whole or in part with the proceeds of revenue securities, the operating expenses of the unit or units, facility or facilities constructed, leased, purchased or otherwise acquired by said Department in whole or in part with the proceeds of revenue securities shall be paid from the revenues of existing facilities, to the end that the gross revenue from all units, facilities and property constructed, leased, purchased or otherwise acquired by the said Department in whole or in part with the proceeds of revenue securities may be devoted to the payment of the interest on and the principal of such revenue securities; if such gross revenues shall be insufficient for that purpose said securities shall be payable out of the gross revenues of the Department as a whole, after sinking fund requirements and valid commitments have been satisfied from the gross revenues of said Department other than the revenues from the unit or units, facility or facilities or property constructed, leased, purchased or otherwise acquired by the said Department in whole or in part with the proceeds of revenue securities, subject to the payment of necessary expenses of operation of said Department and the maintenance and repair of its property. The Revenue Securities authorized hereunder shall not be subject to any limitations or provisions of Chapter 6 of Title 37 of the Code of 1940 or, of any other Bond law now in force or hereafter amended, except as herein otherwise expressly stated, and it shall not be necessary to make publication of any order, notice or proceeding relating thereto. The Revenue Securities issued under the provisions of this act are exempt from any or all State, County, Municipal and other taxation whatsoever under the laws of the State of Alabama, and shall be legal investments for the funds for executors, administrators, trustees and guardians. In case of the officers whose signatures or countersignatures appear on any of the Revenue Securities shall cease to be such officers before delivery thereof, such signatures or counter-signatures shall nevertheless be valid, and sufficient for all purposes the same as if they had remained in office until such delivery.

Section 2. Any order authorizing any Revenue Securities hereunder may provide that such securities shall contain a recital that they are issued pursuant to the provisions of this act, which recital shall be conclusive evidence of the regularity of the issuance, notwithstanding the provisions of any other law now in force or hereinafter enacted or amended. Upon the entry of any such order providing for the issuance of any such Revenue Securities under the provisions of this Act, the Department may, in the discretion of its Director, cause to be published once in each of two consecutive weeks in at least one newspaper published and having a general circulation in the City of Mobile, a notice in substantially the following form (The blanks being properly filled in): "The Department of State Docks and Terminals of the State of Alabama (Being an agency of the State of

Alabama), on the Day of ———, 19—, ordered the issuance of $——— of Revenue Securities of the Department for the following purpose or purposes (here a brief and general description of the purpose or purposes of the issuance thereof); such Revenue Securities being payable solely from the revenues of the Department as is more specifically provided in said order. Any action or proceeding questioning the validity of said order or of said Revenue Securities must be commenced within twenty (20) days after the first publication of this notice. ——————, Director of the Department of State Docks and Terminals (An agency of the State of Alabama)" Any action or proceeding in any court to set aside any such order providing for the issuance of any such Revenue Securities under the provisions of this act or to contest the validity of any such Revenue Securities or of any pledge of any of the revenues of the Department to the payment thereof, must be commenced within twenty (20) days after the first publication of the above mentioned notice. After expiration of such period, no right of action or defense founded upon the validity of the order or of the Revenue Securities, or of any pledge or of any contractual obligation of the Department contained in any such order, shall be asserted, nor shall the validity of any such order or of any such Revenue Securities or of any pledge or of any such contractual obligation be open to question in any court upon any ground whatever, except in an action or proceeding commenced within such period. Any such action and any action to protect or enforce any rights under the provisions of this act shall be brought in the Circuit Court of Mobile County, Alabama, in equity.

Section 3. No contract or contracts or agreement or agreements authorized by or executed under or pursuant to the provisions of this act shall pledge the general faith or credit of the State of Alabama or incur an indebtedness of the State within the meaning of or contrary to the provisions of Section 213 of the Constitution of Alabama of 1901 as amended.

Section 4. The Department may at any time and from time to time renew, refund, or fund any of its lawful obligations, including, but not limited to, the obligations herein referred to as Revenue Securities, by the issuance of Revenue Securities authorized by this Act, and in connection therewith may sell such Revenue Securities as is herein provided and devote the proceeds thereof to the payment or redemption of any such outstanding obligations, including any premium necessary to redeem or retire such obligations, or the Department may exchange such Revenue Securities for the obligations to be refunded, renewed, or funded.

Section 5. The department may, with the approval of the Governor, accept grants of money or property from the United States Government or from any corporation or agency created, designated, or established by the United States, or from any City or County in the State of Alabama, in connection with any project for which any such Revenue Securities may be issued, and may, with the approval of the Governor, enter into contracts with the United States or with any such Corporation, Agency, City, or County, relating to any such grants, or conditions upon the use thereof.

Section 6. The powers and authority granted to the Department in this Act shall be in addition to the powers and authority now conferred on the Department by law, it being the purpose and intention of this Act to grant to the Department the additional powers and authorities herein granted and all laws and parts of laws in conflict or inconsistent with this Act are hereby expressly repealed.

Section 7. If any sentence, clause, provision, or section of this Act be declared to be invalid, the invalidity thereof shall not affect the validity of any other provision of this Act, it being the intention to enact into law so much hereof as may validly become law, irrespective of the invalidity of any portions hereof.

Section 8. This Act shall become effective upon its passage and approval by the Governor, or upon its otherwise becoming a law.

An Order
Of
The Department Of State Docks And Terminals Of The State Of Alabama Au-

thorizing The Issuance And Sale Of All Or Any Part Of Five Million Dollars, Face Amount, Of Revenue Bonds Of Said Department To Finance Further Expansion Of Its Seaport Facilities In Mobile, Alabama

Whereas, pursuant to the amendment to Section 93 of the Constitution of Alabama known as the "Mobile Port Amendment" and the enabling Acts of the Legislature of Alabama, and other applicable laws thereof, State of Alabama, through its agency known as the State Docks Commission did duly construct modern harbor facilities at the Port of Mobile, Alabama, known as "Alabama State Docks", and

Whereas, said Alabama State Docks have been continuously and successfully operated from their inception and have attracted trade and commerce and considerable investment in and to the said Port, all to the general benefit of the State of Alabama, and

Whereas, it has been determined from experience and appropriate studies and surveys that the needs of trade and commerce require further development and expansion of said seaport facilities, and

Whereas, the Department of State Docks and Terminals as the successor to the State Docks Commission and as an agency of the State of Alabama has adopted a general plan of expansion which contemplates the acquisition of additional waterfront properties on the west short of Mobile River and developing the same into modern ocean terminals, and

Whereas, said Department is fully authorized by law, with the approval of the Governor of Alabama, to borrow such sums of money as may be reasonably necessary in the purchase and acquisition of such additional properties and facilities and in the development or improvement thereof, and

Whereas, the said Department acting by and through its Director with the approval of the Governor of Alabama and on the advice of its Advisory Board has determined that the said Department borrow money within the limits hereinafter set out and issue bonds hereinafter described, the proceeds of which shall be used in financing the said program of expansion, and for no other purpose.

Now, Therefore, pursuant to the laws governing such cases, it is ordered by the Department of State Docks and Terminals and by the Director thereof as follows:

### Section One

That for the purpose of providing funds to pay in whole or in part for the purchase or acquisition of additional properties, real and personal and for the development and improvement thereof and the construction or acquisition of additional facilities thereon or appurtenant thereto, all in the development and expansion of the Alabama State Docks at Mobile, Alabama, there shall be issued bonds of the said Department of State Docks and Terminals of Alabama in the total aggregate principal amount of Five Million Dollars ($5,000,000), which bonds shall bear interest until paid, which interest shall be payable semi-annually and shall be payable as to both principal and interest in lawful money of the United States of America at the principal office of Chase National Bank in the Borough of Manhattan, City and State of New York, or, at the option of the holder, at the First National Bank of Birmingham in the City of Birmingham, State of Alabama. Said bonds shall be dated such date or dates and shall be in such denomination or denominations and shall bear interest at such rate or rates (not exceeding three percent per annum) as may be fixed by one or more supplements to this Order to be issued as and when the same are sold. Said bonds shall mature serially in not exceeding twenty six annual installments, the first of which shall become due five years after the date of the first bonds that are sold hereunder, and the remainder of which shall become due annually and consecutively thereafter; such annual installments shall not exceed the respective maturities listed in the table below, that is to say:

| Maturity | Principal Amount |
|----------|------------------|
| 1 Year   |                  |
| 2 Years  |                  |
| 3 Years  |                  |
| 4 Years  |                  |

| Maturity | Principal Amount |
|----------|------------------|
| 5 Years | $175,000.00 |
| 6 Years | 175,000.00 |
| 7 Years | 175,000.00 |
| 8 Years | 175,000.00 |
| 9 Years | 175,000.00 |
| 10 Years | 175,000.00 |
| 11 Years | 175,000.00 |
| 12 Years | 175,000.00 |
| 13 Years | 175,000.00 |
| 14 Years | 175,000.00 |
| 15 Years | 175,000.00 |
| 16 Years | 175,000.00 |
| 17 Years | 175,000.00 |
| 18 Years | 175,000.00 |
| 19 Years | 175,000.00 |
| 20 Years | 175,000.00 |
| 21 Years | 175,000.00 |
| 22 Years | 175,000.00 |
| 23 Years | 175,000.00 |
| 24 Years | 175,000.00 |
| 25 Years | 250,000.00 |
| 26 Years | 250,000.00 |
| 27 Years | 250,000.00 |
| 28 Years | 250,000.00 |
| 29 Years | 250,000.00 |
| 30 Years | 250,000.00 |

Said bonds shall be subject to redemption prior to maturity on any interest payment date at the option of the said Department at the price of par, plus accrued interest to the date of redemption, plus a premium of five per centum of the face amount of each bond retired on or prior to five years from the date of its issuance, and a premium of one fourth of one per centum of the face amount thereof for each year or unexpired portion of a year from the effective date of such call to the maturity of each bond retired after the expiration of five years from such date; provided, however, that in no event shall such premium exceed five per centum of the face amount thereof. If less than all of the bonds are redeemed at one time, the bonds shall be redeemed in the inverse order of their maturities and the selection between bonds of the same maturity shall be made by the Director of the said Department by lot. Notice of the redemption of any of said bonds shall be given by publication once in a daily newspaper printed in the English language and published and of general circulation in the City of Mobile, Alabama, and once in a financial newspaper published in the City of New York, N. Y., the first of each of said publications to be made not less than thirty days prior to the redemption date. If any of said bonds called for redemption are then registered as to principal, thirty days notice of redemption shall also be sent by registered mail to the registered holder or holders thereof.

### Section Two

Said bonds shall be executed in the name and on behalf of the said Department by the Director thereof and shall be attested by the Treasurer of said Department and shall have impressed thereon the seal of said Department and shall be authenticated by the First National Bank of Mobile by certificate thereon in substantially the form hereinafter appearing in Section Four hereof. Interest falling due on and prior to maturity shall be evidenced by appropriate interest coupons attached to the bonds executed by the facsimile signatures of Director and said Treasurer.

### Section Three

Said bonds shall be registerable as to principal in the name of the holder on books to be kept for that purpose by the Treasurer of said Department, and each such registration shall be noted on the back of the bonds registered. After such registration, principal of any bond so registered shall be payable only to the registered holder until such time as said bond has been registered as payable to bearer, after which transferability by delivery shall be restored. Registration of any bond as to principal shall not affect the negotiability of the interest coupons attached thereto by delivery merely.

### Section Four

Said bonds and the coupons to be thereto attached, together with the endorsements to appear on the back thereof, shall be in substantially the following form:

United States of America
Department of State Docks and
Terminals
of
State of Alabama
State Docks Expansion Revenue Bonds
Number ——— $———
Know All Men By These Presents, That

the Department of State Docks and Terminals of Alabama, an agency of the State of Alabama, for value received promises to pay to the bearer, or if this bond be registered then to the registered holder hereof, solely from the revenues hereinafter specified, the sum of ——— Dollars ($———) on ———, 19——, and to pay interest thereon from such revenues until paid at the rate of ——— percent (———) per annum, payable semi-annually, on the first day of ——— and ——— of each year upon presentation and surrender of the annexed interest coupons as the same fall due. Both principal and interest on this bond are payable in lawful money of the United States of America at the Chase National Bank in the Borough of Manhattan, City and State of New York, or, at the option of the holder, at The First National Bank of Mobile in the City of Mobile, Alabama.

This bond is subject to redemption at the option of the said Department on any interest payment date at the price of par and accrued interest to the redemption date, plus a premium of five percentum of the face amount hereof if retired on or prior to five years from the date of its issuance and a premium of one fourth of one percentum of the face amount thereof for each year or unexpired portion of a year from the effective date of such call to the maturity hereof if retired after the expiration of five years from such date; provided, however, that in no event shall such premium exceed five per centum of the face amount hereof. Notice of redemption of this bond is to be given by publication once in a daily newspaper printed in the English language and published in and of general circulation in the City of Mobile, Alabama, and once in a financial newspaper published in the City of New York, N. Y., the first of each of said publications shall be made not less than thirty days prior to the date fixed for redemption hereof, and if this bond is then registered as to principal, thirty days notice of redemption shall also be given by registered mail to the registered holder hereof.

This bond is one of a duly authorized issue of bonds in the aggregate principal amount of Five Million Dollars ($5,000,-000), all of like tenor and effect except as to date of issue, number, interest rate and maturity, issued pursuant to and in full compliance with the Constitution and Laws of the State of Alabama, for the purpose of providing funds to pay in whole, or in part for the purchase or acquisition of additional properties, real and personal by said Department and for the development and improvement thereof, and the construction or acquisition of additional facilities thereon or appurtenant thereto, all in the development and expansion of the Alabama State Docks at Mobile, Alabama, which bonds are known as "State Docks Expansion Revenue Bonds" issued under authority of law.

The principal of and interest on this bond and on the bonds of the said issue of which it is a part are secured by, are payable out of the gross revenues of the unit or units, or facility or facilities, which are to be constructed, purchased, leased or otherwise acquired by the said Department in whole or in part out of the proceeds thereof, and if such revenues be insufficient, this bond and the other bonds of the said issue shall be payable out of the gross revenues of the Department as a whole, after sinking fund requirements for Alabama Harbor Improvement Bonds heretofore issued and remaining outstanding, and valid commitments have been met from said gross revenues of said Department, other than revenues from the unit or units, facility or facilities on property constructed, leased, purchased or otherwise acquired by the said Department in whole or in part with the proceeds of said issue and subject to the payment of the necessary expenses of operation of said Department and the maintenance and repair of its property.

The gross revenues of the unit or units, facility or facilities, constructed, purchased, leased or otherwise acquired, in whole or in part out of the proceeds of the issue of which this bond is a part, and the said revenues of the said Department, are to the extent hereinabove stated and to the extent necessary to pay the interest upon the principal of this bond, and the other bonds of this issue, as such interest and principal mature, irrevocably pledged to the payment thereof.

This bond does not constitute a debt of the State of Alabama within the meaning of any constitutional or statutory provision of the laws of the State of Alabama, and no holder of this bond shall ever have the right to compel any exercise of the taxing power of the State of Alabama, for the payment of this bond and the interest thereon. Any subsequent pledge of any of the revenues of said Department to any bonds or other obligations thereof shall be subordinate to the pledges hereof to this bond and to the other bonds of this issue except that the said Department may pledge (on a parity with the pledge of such revenues to this bond and to the bonds of this issue) said revenues to any bonds or obligations which may be hereafter issued in the manner and to the extent provided in the order of the said Department issued on, to-wit, the ——— day of ———, 19—, authorizing the issuance of this bond. It is hereby certified, recited and declared that this bond and the bond of this issue are issued pursuant to law, and that all acts, conditions and things required to exist, happen and be performed precedent to and in the issuance thereof, do exist, have happened and have been performed in due time, form and manner as required by law and that the gross revenues of the unit or units or facility or facilities acquired in whole or in part with the proceeds of the issue of which this bond is a part, are pledged to the payment of this bond, and to the other bonds of this issue, will be set aside and paid into a fund and used solely for the payment thereof.

This bond is exempt from any and all State, County and other taxation whatsoever under the laws of the State of Alabama and is subject to registration as to principal in the manner stated on the back hereof.

In Witness Whereof, the Department of State Docks and Terminals of Alabama has caused this bond to be executed in its name and behalf by its Director and its departmental seal to be affixed hereto, duly attested by its Treasurer, and has caused the coupons hereto attached to be executed by the facsimile signatures of the said officers as of the ——— day of ———, 19—.

Department of State Docks
and Terminals of Alabama

———————

Director

Attest:

———————
Treasurer

(Form of Coupon)

Number ——— $———

On the first day of ———, 19—, unless the bond to which this coupon is attached shall have been theretofore duly called for redemption, the Department of State Docks and Terminals of Alabama will pay to bearer the sum of Dollars ($ ), in lawful money of the United States of America, at the Chase National Bank in the Borough of Manhattan, City and State of New York, or at the First National Bank of Mobile, Mobile, Alabama, as provided in and for interest then due on its State Docks Expansion Revenue Bond, dated ———, 19—, and numbered ———.

———————
Director

———————
Treasurer

(Form of Registration Certificate)

The within bond may be registered in the name of the holder as to principal only on books to be kept by the Treasurer of the Department of State Docks and Terminals, such registration to be noted hereon in the registration blank below, after which no transfer shall be valid unless made on said books by the registered holder or his attorney thereunto duly authorized and similarly noted in said registration blank below, but this bond may be discharged from registration by being transferred to bearer, after which it shall be transferable by delivery but may be again registered as before. Such registration shall not impair the negotiability by delivery of the coupons attached to the bond.

(No writing in this blank except by the Treasurer).

| Date of Registration | Name of Registered Holder | Signature of Treasurer |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

(Form of Authentication Certificate)

This bond is one of the bonds, of the series

designated therein, described in the within mentioned order of the department of State Docks and Terminals of Alabama.

The First National Bank of Mobile,
By

Authorized Officer.

## Section Five

For the purposes of this Order all of the properties and facilities of the Department of State Docks and Terminals, whether real or personal and whether held by the Department as owner, lessee or otherwise, at the time of the issuance of the first of the bonds herein authorized and at any time hereafter, prior to the payment of such bonds in full as to both principal and interest, including intangible properties, contracts, franchises, leases, and choses in action, and including, but without limitation, all properties and facilities acquired with the proceeds of such bonds, are referred to as "the system". All revenues of every nature to be derived by the Department of State Docks and Terminals, or any successor thereto, whether directly or indirectly, from the ownership, possession or operation of the system, are hereinafter sometimes referred to as "the revenues". The bonds herein authorized are sometimes hereinafter referred to as "the bonds" The Department of State Docks and Terminals is hereinafter sometimes referred to as "the Department."

From and after the issuance of any of the bonds all of the gross revenues of the unit or units, facility or facilities constructed, purchased, leased or otherwise acquired in whole or in part out of the proceeds of the issue of which this bond is a part, shall be set aside into a fund to be designated as the "Revenue Bonds Interest and Redemption Fund".

When the amount paid into the "Revenue Bonds Interest and Redemption Fund" shall exceed the sum necessary to pay all principal and interest falling due in the current fiscal year, payable from such fund, plus a sum equal to twenty per cent (20%) of the amount required to pay all principal and interest that will mature in the next succeeding fiscal year, payable from such fund, the excess of said sums in said fund may be transferred out of said fund and may be used by the Department for any lawful purpose. Such part of the proceeds of the sale of the bonds as represents accrued interest received from the purchaser shall at the time of the delivery of the bonds to the purchaser be paid into the Revenue Bonds Interest and Redemption Fund.

The First National Bank of Mobile, Alabama, is hereby designated as custodian of the "Revenue Bonds Interest and Redemption Fund" hereinbefore established and all of the revenues as received by the Department from day to day and required by this Order to be paid shall be deposited in said bank and in said fund in the manner hereinabove in this Section provided. All money held in the Revenue Bonds Interest and Redemption Fund shall be held as a special trust fund, the beneficial interest in which shall be in the holders from time to time of the bonds then outstanding. It shall be the duty of the custodian bank to transfer from the Revenue Bonds Interest and Redemption Fund to the paying agents for the bonds fifteen days in advance of the date on which each payment of principal or interest falls due, funds sufficient to pay the principal and interest so falling due on such date. All money so held by the custodian bank shall be secured to the fullest extent required or permitted by the laws of Alabama pertaining to the securing of public deposits. All or any part of the money in the Revenue Bonds Interest and Redemption Fund shall at the request of the Department with the approval of the Governor be invested in direct obligations of the United States of America, in which event all income derived from such investments shall be added to the money in said fund, and such investments shall, to the extent at any time necessary, be liquidated and the proceeds thereof applied to the purpose for which the respective funds are herein created. The Department may in its discretion appoint one or more additional banks in the City of Mobile, Alabama, as custodian banks, either as successor or successors to the bank hereinabove named or as co-custodian or co-custodians with said bank.

## Section Six

That the Department hereby covenants and agrees with the successive holders from

time to time of the bonds and the coupons representing interest thereon, that so long as any of the bonds remain outstanding and unpaid as to either principal or interest:

A. The Department will maintain the system in good repair and working order and will operate it efficiently and will faithfully and punctually perform all duties with reference to the system required by the Constitution and Laws of the State of Alabama, including the making and collecting of sufficient rates and charges for the use of the various properties and facilities comprising the system and the services rendered thereby, and the segregation and application of the revenues of the system in the manner required by law and as provided in this Order.

B. The Department will fix and collect rates and charges for the use of the various properties and facilities comprising the system and the services rendered thereby fully sufficient to provide for the payment of the reasonable and necessary expenses of operating and maintaining the system, to provide for the payment of interest on and principal of all obligations payable therefrom, including the bonds herein authorized, as and when the same become due and payable, and to create the reserve therefor hereinabove required.

C. The Department will maintain and keep proper books of record and account in which shall be made full and correct entries of all transactions relating to the system. Not later than three months after the close of each fiscal year the Department will cause an audit of such books and accounts to be made by the Division of Examiners of Public Accounts in the Department of Finance of Alabama, showing the receipts of and disbursements made for the account of the system, and such audit shall be available for inspection by the holders of any of the bonds. Each such audit report, in addition to whatever matters may be thought proper by the Examiner to be included therein, shall include the following:

1. A statement in detail of the income and expenditures of the system for such fiscal year.

2. A balance sheet as of the end of such fiscal year.

3. The Examiners' comment regarding the manner in which the Department has carried out the requirements of this Order, and the Examiners' recommendation for any changes or improvements in the operation of the system.

4. A list of the insurance policies in force at the end of the fiscal year, setting out as to each policy the amount of the policy, the risks covered, the name of the insurer and the expiration date of the policy.

All expenses incurred in the making of the audits required by this Section shall be regarded and paid as a maintenance and operation expense. Each such report shall be made under oath of the Examiner and shall be a public record. The Department further agrees to furnish a copy of each such report to the holder of any of the bonds at his request after the close of each fiscal year, and that any such holder shall have the right to discuss with the Examiner making the audit the contents of the audit and to ask for such additional information as he may reasonably require.

Said books of record and account shall at all reasonable times be open to inspection by the holder or holders of any of the bonds.

D. The Department will maintain and carry for the benefit of the holders of the bonds on all physical properties of the system insurance of the kinds and in the amounts normally carried by companies operating similar properties, including, but without limitation, fire and windstorm insurance with standard extended coverage clauses. All moneys received for losses under any such insurance policies are hereby pledged by the Department as security for the bonds until and unless such proceeds are paid out in making good the loss or damage of which such proceeds are received, either by repairing the property damages or replacing the property destroyed, and adequate provision for making good such loss and damage made within ninety days from the date of the loss. Such insurance proceeds, to the extent not so used, shall be used for the retirement of as many of the bonds as can be retired therewith through redemption or through pur-

chase at prices not greater than the currently prevailing redemption prices.

E. The Department will not sell, lease or in any manner dispose of the system or any substantial part thereof until all of the bonds have been paid in full as to both principal and interest (provided that this covenant shall not be construed to prevent the disposal by the Department of property which in its judgment has become inexpedient to use in connection with the system, when other property of equal value is substituted therefor).

F. The bonds shall enjoy complete parity of lien on the revenues despite the fact that any of the bonds may be delivered at an earlier date than any other of the bonds. The Department will issue no other bonds or obligations of any kind or nature payable from or enjoying a lien on the revenues having priority over or parity with the bonds herein authorized, provided however, that bonds may hereafter be issued on a parity with the bonds herein authorized under the following conditions:

1. The bonds herein authorized or any part thereof may be refunded with the consent of the holders thereof (except that as to maturing bonds or bonds which are then optional for redemption and have been property called for redemption, such consent shall not be necessary) and the refunding bonds so issued shall enjoy complete equality of lien with the portion of the bonds which is not refunded, if any there be, and the refunding bonds shall continue to enjoy whatever priority of lien over subsequent issues may have been enjoyed by the bonds refunded, provided, however, that if only a portion of the bonds outstanding is so refunded and if such bonds are refunded in such manner that the interest rate of the refunded bonds is increased or that any refunding bond matures at a date earlier than the maturity date of any of the bonds not refunded, then such bonds may not be refunded without the consent of the holders of the unrefunded portion of the bonds issued hereunder.

2. Additional bonds may also be issued on a parity with the bonds herein authorized if all of the following conditions are met:

(a) The average net revenues of the system applicable to the payment of the interest on and principal of the bonds of this issue and of the additional bonds must during the three completed fiscal years immediately preceding the issuance of the additional bonds have been equal to one and two-thirds times the average combined interest and principal requirements for the succeeding periods on all bonds and other obligations then outstanding and payable from such revenues and the bonds so proposed to be issued. "Net revenues" for the purpose of this paragraph shall be understood to refer to the gross revenues of the system after there have been deducted therefrom the reasonable and necessary expenses of operating the Department and maintaining and repairing the system, and after there has been deducted therefrom such amounts as are required by law to be paid into the sinking fund for the payment of said State of Alabama Harbor Improvement Bonds.

(b) The payments required to be made into the Revenue Bonds Interest and Redemption Fund provided in Section Five hereof must have been made in full.

(c) There must be sufficient money in the Revenue Bonds Interest and Redemption Fund, to pay all principal of and interest on the outstanding bonds payable therefrom and which become due during the eighteen month's period next succeeding the issuance of the additional bonds.

(d) The additional bonds must be payable as to principal and interest on the same day of each year in which principal of and interest on bonds of this issue fall due.

(e) The proceeds of the additional bonds must be used solely for the making of improvements, extensions, renewals, replacements or repairs to the system.

G. The holders of the bonds from time to time shall be entitled to exercise all rights and powers for which provision is made in the Laws of Alabama.

H. It is hereby declared that the annual payments required herein for the payment of interest and the retirement of bonds does not exceed such amounts as would constitute reasonable rentals for the buildings,

improvements, facilities and properties to be acquired by the Department out of the proceeds of the bonds authorized to be issued by this Order and will not exceed the annual payments which the Department would be required to make if it had elected to acquire the same by a rental purchase plan extending over a similar period of thirty years and of the type of plan by which the Department has heretofore acquired properties from the City of Mobile, and such payments into said fund shall be considered by the Department, to the extent that it may lawfully do so, as operating expenses of the Department, made in lieu of such annual rentals.

### Section Eight

There shall be published once in each of two consecutive weeks in the Mobile Press, a newspaper published and of general circulation in the City of Mobile, Alabama, a notice in substantially the following form:

"The Department of State Docks and Terminals of the State of Alabama (being an agency of the State of Alabama) on the ———— day of ————, 19——, ordered the issuance of Five Million Dollars ($5,000,000) face amount of revenue Securities of the Department known as State Docks Expansion Revenue Bonds for the purpose, or purposes, of providing funds to pay in whole, or in part, for the purchase or acquisition of additional properties, real and personal, by said Department and for the development and improvement thereof and the construction or acquisition of additional facilities thereon or appertenant thereto, all in the development and expansion of the Alabama State Docks at Mobile, Alabama; such Revenue Securities being payable specifically provided in said Order. Any action or proceeding questioning the validity of said Order, or of said Revenue Securities, must be commenced within twenty (20) days after the first publication of said notice.

> H. W. Sweet, Director of the Department of State Docks and Terminals (an agency of the State of Ala.)"

### Section Nine

The bonds authorized by this Order shall be sold by the said Department at one or more public auction sales to the highest bidder for cash; any such sale shall be held in the Office of the Director of the Department at the main office building of Alabama State Docks in Mobile, Alabama, at Twelve O'Clock Noon, Central Standard Time on a day to be fixed by subsequent Order. The amount of bonds and the numbers and maturities to be sold at any such sale shall also be fixed in subsequent order. Notice of any such auction sale shall be given by publication of at least two insertions of the following notice in the Daily Bond Buyers published in the Borough of Manhattan, City of New York, N. Y., and in a daily newspaper published and of general circulation in the City of Mobile, Alabama. The first of such insertions shall be not more than forty-five days before the date of such sale and not less than thirty days of such date, and the second of such insertions shall be made not more than fifteen days and not less than ten days before said date, such notice shall be in substantially the following form, that is to say:

### "Notice of Bond Sale

The Department of State Docks and Terminals of Alabama, an agency of the State of Alabama, hereby gives notice that it will offer for sale ———— Dollars ($————), face amount, of Alabama State Docks Expansion Bonds dated the ———— day of ————, 19——, and bearing interest at a rate or rates to be named by the bidder and fixed at the time of the sale, payable semi-annually, evidenced by coupons to be attached thereto; said bonds shall be in the following denominations and of the following numbers and maturities; (Here list the denominations, numbers and maturities).

Said sale shall be held in the Office of the Director of the Department in the main office building thereof in the City of Mobile, Alabama, at Twelve O'Clock Noon, Central Standard Time, on the ———— day of ————, 19——. Such sale will be held at auction and on competitive bids. The right is reserved to reject any and all bids and to postpone said sale without further notice. Said bonds are payable from the revenues of the said Department and are to be issued pursuant to Order thereof, copy of

which will be furnished upon request. Each bidder will be required, as evidence of good faith, to deliver to the Director of the Department, a certified check payable to the order of the Department in an amount equal to two per cent (2%) of the face amount of bonds to be sold at the particular sale, and in the event of a default in the contract to purchase such bonds, the deposit of the successful bidder shall be forfeited and retained by the Department. Deposits made by unsuccessful bidders shall be returned to the respective bidders without interest. The unqualified approving opinion of Chapman and Cutler will be furnished the purchaser without expense to him.

> H. W. Sweet, Director of Alabama State Docks and Terminals, an Agency of the State of Alabama."

The sale of said bonds shall be conducted at auction and upon competitive bidding, and the Department reserves the right to reject any and all bids therefor and to postpone the said sale to any subsequent date or dates without the necessity of the publication of any further notice thereof.

### Section Ten

The proceeds of the sale of bonds authorized by this Order shall be used exclusively to apply toward the payment of the cost of acquiring land, long term leases on land, and facilities on land, to expand the port facilities of the State of Alabama to meet the present and prospective needs of trade and commerce; and to apply toward the cost of construction and improving said sites, including the dredging of slips, the construction of piers, wharves, warehouses, railroad tracks, roadways, viaducts and facilities appurtenant thereto forming a part of modern marine terminals to become a part of the system of Alabama State Docks at the Port of Mobile, Alabama, and shall be used for no other purpose or purposes.

The proceeds of the sale of bonds authorized by this Order shall be deposited in escrow in the First National Bank of Mobile, Alabama, in a special account and may be withdrawn therefrom only by checks signed by the Director and Treasurer of the Department and accompanied by a certificate of the Director that the payment or payments represented thereby are for the purposes hereinabove stated.

### Section Eleven

The execution of this Order, or of any bond to be issued hereunder by the signatures of the duly constituted officers holding office on the date of the signing thereof, and the execution of any coupon attached to any of said bonds by the facsimile signature of the duly constituted officers designated herein to execute the same and holding office on the date of the execution thereof, and the performance of any Act referred to herein by the duly designated officer holding office at the time of such performance, shall be valid and effective notwithstanding that any one or more of such officers may not hold the particular office on any other date prior or subsequent thereto.

In Witness Whereof, the Department of State Docks and Terminals has issued this Order and executed these presents by H. W. Sweet, as its Director, and has caused its departmental seal to be affixed hereto by J. H. Bruce, as its Secretary-Treasurer, and the Governor of Alabama has affixed his signature hereto in approval hereof, and the great seal of the State of Alabama has by direction of the Governor been affixed hereto by Sibyl Poole, Secretary of State, this the ———— day of————, 1947.

State of Alabama, Department of State Docks and Terminals
Attest:                   By ————
                              Director
By ————
     Secretary-Treasurer
Approved:     By direction of the Governor
————
     Governor of Alabama
————
     Secretary of State of Alabama
Honorable James E. Folsom
Governor of the State of Alabama
CAPITOL
Montgomery, Alabama
Dear Sir:

We acknowledge receipt of your communication of May 8, 1947, in which you

request our opinion on certain constitutional questions in connection with a proposed bill revising Act No. 82 of the Legislature of 1945 approved June 9, 1945, Acts of 1945, p. 79, Code 1940, Tit. 38, § 45(1) et seq., and a proposed order of the Director of the Department of State Docks and Terminals of Alabama to be made pursuant to such act if and when amended as proposed. In your communication you also wish to know if revenue securities issued pursuant to the proposed order will be valid obligations of the said department to the extent therein provided notwithstanding certain sections of the Constitution of Alabama referred to in your communication. In reply we wish to advise that neither the proposed bill, nor the proposed order of the Director of the Department of State Docks and Terminals of Alabama will be violative of the sections of the Constitution of Alabama to which you refer. In keeping with this view the proposed revenue securities will not be violative of sections of the Constitution of Alabama mentioned in your letter.

We note that the proposed bill will revise an act which we have approved. Opinion of the Justices, 247 Ala. 663, 26 So.2d 103. The proposed bill, without disturbing the sinking fund for Harbor Improvement Bonds of the State of Alabama or any other valid commitment in any way, undertakes the following things namely:

(1) To authorize the pledge of the gross revenues of facilities acquired with the proceeds of revenue securities to the payment of interest on and the principal of those securities.

(2) To require the operating expenses of the new facilities to be paid from the revenue from old or existing facilities, *after* sinking fund requirements, operating expenses and other valid commitments have been satisfied from the revenues of the old facilities.

(3) To authorize a pledge of the remainder of such revenue from existing facilities to the payment of the interest on and the principal of the revenue securities, *if the gross revenues from the newly acquired facilities are insufficient.*

(4) To stipulate that no part of the gross revenues of the unit or units or facility or facilities constructed, leased, purchased or otherwise acquired by the State Department in whole or in part with the proceeds of revenue securities shall be required to be credited to or paid into the sinking fund for the Alabama Harbor Improvement Bonds heretofore issued.

It should be noted at the outset that the terms of the proposed bill do not disturb in any way the sinking fund or any other valid commitment made for Harbor Improvement Bonds of the State of Alabama. Acts 1923, p. 330, §§ 10 and 10½, pp. 338, 339, Code of 1940, Tit. 38 §§ 31, 32. This is well because the holders of those bonds have vested rights in these things which cannot be disturbed.

The proposed bill clearly provides that revenues derived from facilities acquired with the proceeds of revenue securities are not to be paid into the sinking fund each year for the Harbor Improvement Bonds of the state. This is not in conflict with § 32, Title 38, Code of 1940, Acts 1945, p. 83, Act 83, which requires a sinking fund for each operating unit when erected, but does not require that the revenue from a new unit shall be paid into the sinking fund set up in connection with a previously existing unit. Under the proposed bill the revenues derived from facilities acquired with the proceeds of revenue securities may be pledged to the payment of the revenue securities without consideration of a sinking fund made for bonds issued in connection with previously existing facilities.

The facilities acquired with the proceeds of the proposed revenue securities will not be property acquired under the provisions of the Enabling Act as codified in § 31, Title 38, Code of 1940. Such facilities will be acquired pursuant to the bill. The legislature did not intend that revenues from a facility acquired with the proceeds of revenue securities issued twenty-four years after the passage of the 1923 act and from a facility the department has no means of acquiring without the proposed bill, should be devoted to operating expenses of the old facility or the payment of interest on or principal of the bonds issued in aid of the old facility.

■ With respect to the provision requiring the operating expenses of the new facilities to be paid from revenues from the old facilities, after sinking fund requirements and other valid commitments have been satisfied from said revenues, it is sufficient to say, that this merely makes mandatory what is now permissive. Lang v. City of Mobile, 239 Ala. 331, 195 So. 248; Opinion of the Justices, 247 Ala. 663, 26 So.2d 103.

■ The proposed bill should not be construed in any way so as to interfere with the provisions of § 31, Title 38, Code of 1940, devoting the revenues and income arising from the operations authorized by the statute to the payment of expenses of such operation and the payment of interest on and principal of the Harbor Improvement Bonds of the state. The proposed bill merely makes the expenses of operating the facilities acquired with the proceeds of revenue securities an operating expense of the department as a whole just as operating capital was made an operating expense of the department as a whole, payable from the revenue and income arising from the operation authorized by § 31, Title 38, Code of 1940, after sinking fund requirements and other valid commitments have been satisfied from such revenues. The department may now pay the expenses of operating the new facilities from the revenue arising from the operation of the old facilities not needed for sinking fund requirements or valid commitments. § 31, Title 38, Code of 1940. The prospective purchaser of revenue securities however has no way of knowing that such course will be followed until the legislature requires it to be done.

What has been said about the payment of the operating expenses of the new facilities from surplus revenues from the old facilities, applies to a pledge of surplus revenues to the payment of the revenue securities, if the gross revenues of the new facilities are insufficient for that purpose. After sinking fund requirements and valid commitments, including those specifically considered in Lang v. City of Mobile, supra, are satisfied out of revenue from the old facilities, the surplus may be devoted by the legislature to any lawful purpose. The

valid commitments referred to include the rights of holders of the Harbor Improvement Bonds now outstanding. Such rights are not here affected or determined. And whether the use of operating income from the old facilities to defray the expense of operating the new facility is in priority to the commitment of such income to secure the interest and principal of the old bonds is not determined and cannot be done effectually except in a suit in which the old bond-holders are duly represented. But we are assuming that there may be a surplus of such income after payment of the operating expenses of the old facility and of the principal and interest of the old bonds.

■ Does the proposed bill violate section 93 as amended of the Constitution? The pertinent part thereof is as follows: "The State shall not engage in works of internal improvement, nor lend money or its credit in aid of such, except as may be authorized by the Constitution of Alabama or amendments thereto; * * * when authorized by appropriate laws passed by the Legislature the state may at a cost of not exceeding ten million dollars engage in the work of internal improvement, or promoting, developing, constructing, maintaining, and operating all harbors and seaports within the state or its jurisdiction, provided, that such work or improvement shall always be and remain under the management and control of the state, through its State Harbor Commission, or other governing agency. * * *" Amend. No. 12.

"The word 'cost' has no hard and fast meaning, and is open to a fixation by the conditions under which the term is used and the surrounding circumstances." Navco Hardwood Co. v. Mobile & Gulf Nav. Co., 214 Ala. 176, 106 So. 862, 865. We do not consider that the "cost" referred to in the foregoing amendment has any reference to the proceeds of revenue securities, which is the only subject with which we are here dealing. See Lang v. City of Mobile, 239 Ala. 331, 195 So. 248; Opinion of the Justices, 247 Ala. 663, 26 So.2d 103.

In speaking of the Mobile Port Amendment, the Justices in Opinion of the Justices, 209 Ala. 593, 602, 96 So. 487, 496, said: "The amendment, in the particular that it treats the special subject of seaport de-

velopment, removes that character of internal improvement, together with the means, money, and credit, the Legislature, in its discretion, may employ, from the general inhibition of Section 213 of the Constitution."

Money expended for operating expenses in excess of the $10,000,000 invested in the docks, when taken from the revenues of the facilities, is not in violation of either § 213 or § 93 of the Constitution. Authorities supra.

The proposed bill is not violative of § 45 of the Constitution because each provision of the proposed bill relates to the subject of expansion of the port facilities. Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810.

To sum up, we do not think that either the proposed bill or the proposed order of the Director of the Department of State Docks and Terminals of Alabama or the revenue securities proposed to be issued thereunder will be violative of either § 45 or § 93 or § 213 of the Constitution of Alabama.

Respectfully submitted,

LUCIEN D. GARDNER
Chief Justice.
ARTHUR B. FOSTER
Associate Justice.
J. ED. LIVINGSTON
Associate Justice.
THOMAS S. LAWSON
Associate Justice.
ROBERT T. SIMPSON
Associate Justice.
DAVIS F. STAKELY
Associate Justice.