143 So. 900

## In re OPINIONS OF THE JUSTICES.

### No. 19.

Supreme Court of Alabama.

Oct. 27, 1932.

## Opinion of the Justices.

In effect, section 3½ of the bill in question provides that its lease provisions, as well as others conditioned on such lease, shall not be effective until the present bridge bonds are refunded with new bonds whose interest and amortization or sinking fund shall not exceed the sum of $300,000 per annum appropriated by this act from the state highway funds. This removes all question of impairing the obligation of contract evidenced by the outstanding bonds.

Section 93, Constitution of 1901, forbidding the state to engage in works of internal improvement, was amended by Amendment 1, Code of 1923, page 428, and again by Amendment 11, Code of 1923, page 433, so as to authorize the state to engage in the construction and maintenance of highways and highway bridges, and to make appropriations for such purpose or purposes. The appropriation of $300,000 per annum out of the highway funds of the state, under the act submitted to us, is for bridges, a part of the highway system of the state. The act is therefore not violative of section 93 of the Constitution, as amended.

In Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695, this court considered the act under which the present bridge bonds were issued and are now outstanding. The act was declared not violative of section 213 of the Constitution forbidding the creation of debt.

While the act declared it was not a debt of the state to the payment of which her faith and credit were pledged, the title of the act (General Acts of 1927, page 278), in cata-

loguing its purposes, contained this: "To provide for the payment of interest on said bonds by the State of Alabama," and the body of the act provided for payment of such interest from the surplus in certain named funds, "or the interest may be paid out of any funds in the Treasury as authorized by the amendment to Section 93 of the Constitution, as set out above. Such an amount of money as may be necessary to pay the interest herein provided for is hereby appropriated out of any monies in said funds not otherwise appropriated." General Acts 1927, pages 278, 281, § 1.

The funds under amended section 93, mean highway funds; all highway funds raised by special excise taxes or appropriations from general funds for highway purposes.

The act was upheld as not in violation of section 213, forbidding the state's becoming indebted. Pursuant to this decision the bonds were sold and the bridges built.

Thus the validity of the enabling act is finally adjudicated and binding under the doctrine of stare decisis.

This, of necessity, adjudicates the method and means of paying the interest on the bonds.

One of these alternate means is a continuing appropriation out of the highway funds of the state so long as any of such bonds are outstanding.

The present bill merely provides a continuing appropriation from the same fund of a definite sum per annum to cover interest on refunding bonds, as well as to provide an amortization fund to ultimately pay off the new bonds.

As for section 213 of the Constitution, the provisions of the present act are within the principles declared, and made final as to this bridge bond obligation by our former decision.

Limiting our decision to the conditions pertaining to this particular matter, we are of opinion the act submitted to us is not violative of section 213 of the Constitution.

LUCIEN D. GARDNER,
WM. H. THOMAS,
VIRGIL BOULDIN,
ARTHUR B. FOSTER,
Associate Justices.

I am of the opinion that the bill is a mere attempt to shift the debt of the bridge corporation to the state, and to fasten upon the state a debt forbidden by section 213 of the Constitution.

Justices BROWN and KNIGHT, concur in the foregoing.

JNO. C. ANDERSON, Chief Justice.