173 So. 372

## ROGERS v. GARLINGTON.

### 3 Div. 202.

Supreme Court of Alabama.

March 18, 1937.

Lawrence H. Lee, of Montgomery, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

**GARDNER, Justice.**

Petitioner, a holder of second mortgage bonds of the Mobile Bay Bridge Company, a corporation, obtained a decree in the circuit court of Mobile county, Ala., in equity, for the sale of the properties of said corporation, including what is generally referred to as the Cochrane bridge, for the benefit of the creditors of said corporation. The Alabama Bridge Authority, Inc., made an offer therefor acceptable to the said circuit court, and decree was rendered to that effect.

In completing the purchase, the said Alabama Bridge Authority, Inc., is to issue its bonds therefor, and this proceeding serves to test the validity of the bonds thus sought to be issued and the constitutionality of the legislative authority under which the entire proceedings were had. Gen. Acts 1935, p. 785, as amended by the act approved February 24, 1937 (No. 137, and known as House Bill 339, not yet in printed form).

■ The Alabama Bridge Authority, Inc., was incorporated pursuant to the act of 1935, page 785, supra, known as the the "Wallace Bill," and it is not questioned that the provisions of this act, as amended by that of February 24, 1937, have been followed in the proceedings here in question, though there is some contention that the bonds set out in the resolution adopted by the Alabama Bridge Authority, Inc., are not such as the corporation is authorized to issue, and their issuance would therefore be ultra vires. But a careful reading of the resolution, the approval of the Governor, and all proceedings relating to the issuance of these bonds, in connection with subsections 5, 6, and 7 of section 6 of the "Wallace Bill," as amended, and section 9 of the same act, so clearly demonstrate the lack of merit in this insistence as to call for no further discussion.

The other objections we treat in the order of their presentation in brief

■ ■ The title of the act of 1935 ("Wallace Bill") does not offend section 45 of our Constitution. The subject is clearly expressed. It discloses the purpose to provide for freeing Alabama highways of all toll bridges through a corporation composed of certain state officials, to prescribe the authority of such corporation, and provide it with funds necessary to enable it to accomplish the purposes of its creation. The provision for funds was necessary for the accomplishment of the prime purpose of the act, and we think it quite clear such provision did not constitute a second subject and thus violate section 45 of the Constitution. A reference to a few of our authorities will suffice as an answer to this insistence. Woco Pep Co. v. Butler, 225 Ala. 256, 142 So. 509; Lindsay v. United States Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L.R.A. 783; Alabama Great Southern R. R. Co. v. Reed, 124 Ala. 253, 27 So. 19, 82 Am.St. Rep. 166; Ballentyne v. Wickersham, 75 Ala. 533; Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695.

■ ■ Nor did the amendatory act of February 24, 1937, bring in any subject not germane to the original act, but merely made more clear and definite that the bonds to be issued will in no event be an obligation of the state of Alabama. As to sections 61, 62, and 63 of the Constitution, it appears from appellant's brief that the journals, both of the House and Senate, disclose exact compliance with these provisions as to the original "Wallace Bill," and as to the amendatory act, yet unprinted. Compliance with these constitutional provisions is to be presumed until the contrary is made to appear. State v. Buckley's Distributees, 54 Ala. 592, 599; Walker v. Griffith, 60 Ala. 361. And nothing to the contrary appearing, the presumption of regularity must here prevail.

As to section 93 of the Constitution, which contains the prohibition against the state engaging in works of internal improvement, our decisions have noted the amendments thereto adopted by the people relating to highway development and improvement, and in Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695, 699, was the pertinent observation that "by these amendments the state definitely embarked upon a program of internal improvement." See, also, In re Opinion of the Justices, 225 Ala. 460, 143 So. 900; In re Opinion of the Justices, 226

16

Ala. 165, 145 So. 820; Scott v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273.

■ That the scheme and purpose of the act here in question comes within the influence of these amendments is too clear for discussion, and, indeed, was so demonstrated in Scott v. Alabama State Bridge Corporation, supra. The act does not offend section 93 of the Constitution.

■ It is a general law, and not a special or local act, within the meaning of sections 106 and 110 of the Constitution, and these constitutional provisions are here wholly inapplicable. The citation of Alabama State Bridge Corporation v. Smith, supra, should suffice as an answer to this contention.

■ As to section 213 of the Constitution, this court in Alabama State Bridge Corporation v. Smith, supra, observed: "Our judgment is that 'debt,' within the meaning, the purview, the whole content, of the constitutional provision, is that which the state in any event is bound to pay, an obligation secured by the general faith and credit of the state." The indebtness under this act likewise is not an obligation of the state, but expressly to the contrary, and the bonds in no manner represent any such state obligation. The surplus of funds already appropriated to highway purposes is pledged, but the general faith and credit of the state is not involved. The objections to the act as violative of section 213 of the Constitution have (as amended by Amendment 26), in principle, been answered in Alabama · State Bridge Corporation v. Smith, supra, and reiterated in Scott v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273, 277. See, also, In re Opinion of the Justices, 230 Ala. 673, 163 So. 105.

Upon consideration of all the objections interposed to the act as amended, and to the issuance of the bonds as contemplated, we are persuaded none of them are well taken, and that the trial court correctly so ruled.

The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.