85 So.2d 391

### OPINION OF THE JUSTICES.

#### No. 153.

Supreme Court of Alabama.

Feb. 14, 1956.

John Patterson, Atty. Gen., and Gordon Madison, Asst. Atty. Gen., Cabaniss & Johnston and Bowers, Dixon, Dunn & McDowell, Birmingham, amici curiæ.

To the House of Representatives
State Capitol
Montgomery, Alabama

Dear Sirs:

We acknowledge receipt of your communication of the 6th day of February, 1956, in which we are asked to give our opinion on certain constitutional questions with reference to H.B. 160, as amended. In reply we answer as follows:

To the first question our answer is No. Alabama Public Schools Corporation, created under the provisions of § 279 et seq., Art. 10, Title 52, Code of 1940, is a public corporation and the bonds which H.B. 160 proposes to authorize that corporation to issue would not constitute debts of the State. Rogers v. Garlington, 234 Ala. 13, 173 So. 372; In re Opinion of the Justices, 225 Ala. 460, 143 So. 900; Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273; Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695; In re Opinions of the Justices, 256 Ala. 170, 54 So.2d 68.

We do not answer Question No. 2 categorically for the reason that we are of the opinion that the following part of § 213 of the Constitution of 1901, as amended: "Any act creating or incurring any new debt against the state, except as herein provided for, shall be absolutely void." operates to make invalid legislation which pledges revenues of future fiscal years for the purpose of obtaining funds with which to meet current operating expenses and § 5 of the bill attempts to do just this. Norton v. Lusk, 248 Ala. 110, 26 So. 2d 849, and cases cited; In re Opinions of

Justices, 252 Ala. 468, 41 So.2d 771; In re Opinions of Justices, 238 Ala. 293, 191 So. 82. We realize that Question No. 2 as framed may not require such an answer, but we feel that our response should not be narrowly limited in view of the importance of this matter to the public.

■ To the third question our answer is Yes. The bill proposed is a general law within the meaning of § 110 of the constitution.—Opinion of the Justices, Ala., 83 So. 2d 732.

■ To the fourth question our answer is No. Section 61 of the Constitution of Alabama reads as follows: "No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose."

The bill as first introduced shows that "The purpose of this Act is to provide for the operation of public schools, * * *." The amendment to the act provides that "The purpose of this Act is to provide for public education, including institutions of higher learning * * *." Under the Alabama cases public schools have never been understood to include higher institutions of learning like colleges and universities. Elsberry v. Seay, 83 Ala. 614, 3 So. 804; State Tax Commission v. County Board of Education of Jefferson County, 235 Ala. 388, 179 So. 197; In re Opinions of the Justices, 229 Ala. 98, 155 So. 699. However the purpose of a bill within the meaning of § 61 of the constitution is the general purpose of the bill, not mere details through which the purpose is to be manifested and effectuated. State Docks Commission v. State ex rel. Jones, 227 Ala. 521, 150 So. 537. It is our duty to uphold the constitutionality of an act of the legislature by adopting any reasonable construction of which it is susceptible. Standard Oil Co. v. State, 178 Ala. 400, 59 So. 667. And in determining the legislative intent in a bill we must look to the entire bill and not to isolated phrases or clauses in the bill.

State v. Western Union Telegraph Co., 196 Ala. 570, 72 So. 99. It will be noted that in the original bill the purpose of the bill as stated in section 4 is to prevent any deficit in the appropriations for any fiscal year made in Act No. 343 approved September 5, 1955. These appropriations according to Act No. 343 relate to public education, the normal schools and the institutions of higher learning, among others. It can, therefore, well be said that the Act as originally proposed relates to public education including institutions of higher learning when all of the provisions of the Act are considered. If this be true, then the term public schools in the original bill was used in a more comprehensive sense than that indicated by the aforecited cases. In fact the amendment can be considered as clarifying the purposes and intent of the bill in its use of the term "public schools." Cook v. Burke, 177 Ala. 155, 58 So. 984; Blackwell v. State, 230 Ala. 139, 162 So. 310. Accordingly, the original purpose of the bill is not changed by the amendment. In re Opinion of the Justices, 249 Ala. 500, 31 So.2d 644; In re Opinion of the Justices, 252 Ala. 525, 41 So.2d 758.

Respectfully submitted,

J. ED. LIVINGSTON
Chief Justice.
THOMAS S. LAWSON
DAVIS F. STAKELY
JOHN L. GOODWYN
PELHAM J. MERRILL
Associate Justices.

MAYFIELD, Justice.

I concur in the answers of this Court to the questions propounded by House Resolution No. 37–1, 3 and 4.

It is my opinion that the answer made by my Brethren to Question 2 of the House Resolution is beyond the scope and kin of the statute authorizing advisory opinions. To Question 2, I would simply answer, Yes.