116 So.2d 588

### OPINION OF THE JUSTICES.

#### No. 169.

Supreme Court of Alabama.

Dec. 23, 1959.

The Honorable Chief Justice and
  Associate Justices
Supreme Court of Alabama
Judicial Building
Montgomery, Alabama

Gentlemen:

Act No. 126 adopted at the Second Special Session of the Legislature of Alabama of 1959 and approved on August 24, 1959, authorizes the creation of a public corporation and, for the purpose of constructing and improving public school and college buildings in the state, including the acquisition of sites and equipment therefor, grants to such corporation power to issue its bonds in anticipation of the receipt of a portion of the revenues devoted by law to educational purposes.

Pursuant to the provisions of Section 34 of Title 13 of the Code of Alabama of 1940, I respectfully request your opinion in answer to the following important constitutional question:

Is the said Act No. 126 invalid as an act creating or incurring a new debt against the state, or providing for the creation thereof, within the meaning of Section 213 of the Constitution of Alabama, as amended?

Respectfully yours,
John Patterson
Governor

JP:k

White, Bradley, Arant, All & Rose, Birmingham, filed a brief amici curiae with the Justices.

Honorable John Patterson, Governor
State Capitol
Montgomery, Alabama

Dear Sir:

In your communication you propound to the Justices the single question whether or not Act No. 126, Second Special Session of the Legislature of 1959 creates a new debt against the State within the inhibition of Section 213 of the Constitution. We address our attention to that inquiry.

It has been the policy of the Justices of this Court, as announced in Opinion of the Justices, 267 Ala. 110, 100 So.2d 565; Id., 264 Ala. 452, 88 So.2d 778, among others, to refrain from rendering advisory

opinions upon statutes already enacted, as distinguished from pending legislation. Our refusal to answer such inquiries was based upon the reasoning that their solution should be had in adversary proceedings and also that there was no occasion for the advice of the Justices to the Governor as a guide for his action where he had already acted. We have not, however, made this policy to be an unvarying rule, but have given our opinions upon statutes already passed in those cases in which it seemed to us that an advisory opinion was necessary for the guidance of the Governor in taking some affirmative action required by the statutes. See, for example, Opinion of the Justices, 247 Ala. 663, 26 So.2d 103.

Since the statute here involved does make approval by the Governor essential to the vitality of the Act in certain of its features such as the application of the revenues appropriated and the issuance of bonds (Act No. 126, §§ 9, 10), we have concluded that we should accede to your request for an opinion.

■ In essence Act No. 126 is this: The Director of Finance, the Commissioner of Revenue, the Attorney General, State Auditor, State Treasurer, and State Superintendent of Education are authorized to become a corporation to be known as the Alabama Education Authority. The authority is vested with power to provide for the construction, reconstruction, improvement, alteration and equipment of public school and college buildings and to acquire sites therefor. To this end the Authority is clothed with power to issue and sell bonds. These bonds are not to constitute any obligation or debt of the State, and to secure the same sales tax and use tax "required by law to be paid into the Alabama Special Education Trust Fund", after deducting specified prior charges as set out in § 11 of said Act No. 126, are pledged.

The taxes required by law to be paid into the Special Educational Trust Fund consist of the residue, after payment of cost of collection and certain specified prior payments, of the original Sales Tax Act, as amended in 1936–1937 (Acts Sp.Sess. 1936–1937, pp. 1, 125) and Act No. 100, Approved August 18, 1959.

■ We are of the opinion that your question should be answered in the negative for the reason that the current of opinion in this jurisdiction has clearly and consistently resolved any doubt as to the inapplicability of Section 213 of our Constitution to a situation such as that presented be Act No. 126, supra. Said Section 213 has been confined to the State itself or to those agencies vested with power to bind the State. It has been repeatedly held that a public corporation is an entity separate and distinct from the State, and that debts of such corporation are not the debts of the State, within the purview of Section 213, supra. It has been held that such corporation may issue bonds to obtain funds for certain authorized purposes and pledge anticipated revenues derived from rentals or like income or from special taxes levied and appropriated by statute for such special purposes.

There is, we think, no practical distinction between the plan of a corporation known as Alabama Education Authority authorized to obtain and use funds for erecting and improving school buildings by issuing bonds and pledging residual proceeds of sales and use taxes, and the procedure dealt with and approved in the so-called Bridge cases, whereby public corporations (Alabama State Bridge Corporation and Alabama Bridge Authority) were authorized to issue bonds payable (as to interest in one instance, and principal and interest in another) out of surplus proceeds of a state gasoline tax, for purpose of acquiring bridges. Rogers v. Garlington, 234 Ala. 13, 173 So. 372; Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273; Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695;

In re Opinions of the Justices, 225 Ala. 460, 143 So. 900. Analogy is afforded by Kimmons v. Jefferson County Board, 204 Ala. 384, 85 So. 774; In re Opinions of the Justices, 231 Ala. 152, 164 So. 572; Id., 247 Ala. 663, 26 So.2d 103; Id., 249 Ala. 180, 30 So.2d 715; Lang v. City of Mobile, 239 Ala. 331, 195 So. 248; In re Opinion of the Justices, 252 Ala. 465, 41 So.2d 761; Id., 256 Ala. 170, 54 So.2d 68; Harman v. Alabama College, 235 Ala. 148, 177 So. 747.

In the present legislation there is no such infirmity as that pointed out in Opinion of the Justices, 264 Ala. 176, 85 So.2d 391, where the scheme was to procure funds for payment of *current operating expenses* by the Public Schools Corporation by issuance of its bonds payable out of proceeds of state taxes. We there held such legislation would be violative of Section 213 of the Constitution. Act No. 126 provides only for bonds to secure funds for capital outlay and payable as to principal and interest out of the surplus of taxes levied and appropriated to the special school fund after deduction of the specified charges as set out in § 11 of said Act No. 126. Again, there is no plan or purpose to pledge money in the general fund of the State—which would by indirection create a debt against the State—but only surplus moneys in a special fund created for educational purposes.

We therefore answer your inquiry in the negative, that is that Act No. 126 is not violative of Section 213 of the Constitution as creating or incurring a new debt against the State.

Respectfully submitted,

J. ED. LIVINGSTON
Chief Justice
THOMAS S. LAWSON
ROBERT T. SIMPSON
DAVIS F. STAKELY
PELHAM J. MERRILL
Associate Justices.