154 So.2d 12

**OPINION OF THE JUSTICES.**

No. 174.

Supreme Court of Alabama.

May 29, 1963.

The Governor propounded questions to the Justices of the Supreme Court relating to the constitutionality of Acts 92 and 93 of the Second Special Session of the Legislature of 1963 levying a tax on beer and providing for appropriation of the proceeds of tax to payment of principal and interest of bonds to be issued by a public corporation to be known as Alabama Trade School and Junior College Authority. The Justices were of the opinion that Act 92 is not violative of Sections 45 and 71, and Act 93 is not violative of Section 213 of the Constitution.

Questions answered.

Honorable George C. Wallace
Governor of Alabama
State Capitol
Montgomery, Alabama

Dear Sir:

We acknowledge receipt of your communication of May 22, 1963, which is as follows:

"The Honorable Chief Justice and
    Associate Justices
Supreme Court of Alabama
Judicial Building
Montgomery, Alabama

"Gentlemen:

"Act No. 92, adopted at the Second Special Session of the Legislature of Alabama of 1963 and approved at 4:10 P.M. on May 3, 1963, levies a tax on persons engaged in the sale of malt or brewed beverages, provides that the residue of the proceeds therefrom, after certain prior charges, shall be paid into the State Treasury to the credit of the Alabama special educational trust fund, and appropriates so much thereof as may be necessary to pay the principal of and interest on bonds, not exceeding $15,000,000 in aggregate principal amount, issued and sold by the Alabama Trade School and Junior College Authority.

"Act No. 93, adopted at the Second Special Session of the Legislature of Alabama of 1963 and approved at 4:11 P.M. on May 3, 1963, provides that the Governor, the Director of Finance and the State Superintendent of Education may, by taking certain actions prescribed thereby, proceed to form a public corporation to be known as the Alabama Trade School and Junior College Authority. The act goes on to provide that the corporation may issue and sell bonds, not exceeding $15,000,000 in aggregate principal amount, secured by a pledge and appropriation of that portion of the proceeds of the tax levied by said Act No. 92 that is required to be paid into the Alabama special educational trust fund. I am required by Act No. 93 to approve the terms and conditions of the issuance of the bonds authorized thereby as a prerequisite to the validity of the said bonds. The proceeds of the said bonds are to be used for building and equipping educational institutions.

"Pursuant to the provisions of Title 13, Section 34 of the Code of Alabama of 1940, I respectfully request your written opinion on the following important constitutional questions with respect to the said Acts No. 92 and No. 93:

"(1) Is that part of subsection (c) of Section 4 of the said Act No. 92 which reads 'and so much thereof as may be necessary for the purpose is hereby appropriated to pay the principal of and interest on bonds, not exceeding $15,000,000 in aggregate principal amount, issued and sold by the public corporation known as the Alabama Trade School and Junior College Authority' invalid because of the requirement contained in Section 45 of the Constitution of Alabama that each law shall contain but one subject, which shall be clearly expressed in its title?

"(2) Is that part of subsection (c) of Section 4 of the said Act No. 92 which reads 'and so much thereof as may be necessary for the purpose is hereby appropriated to pay the principal of and interest on bonds, not exceeding $15,000,000 in aggregate principal amount, issued and sold by the public corporation known as the Alabama Trade School and Junior College Authority' invalid because of the requirement contained in Section 71 of the Constitution of Alabama, that an appropriation bill shall embrace but one subject?

"(3) If the answer to question (1) or question (2) is in the affirmative, then is the said Act No. 92 as a whole invalid because of the said Section 45 or the said Section 71, or is only that part of said subsection (c) quoted above invalid?

"(4) Is the said Act No. 93 invalid as an act creating or incurring a new debt against the state or its authority, or providing for the creation thereof, within the meaning of Section 213 of the Constitution of Alabama as amended?

"Respectfully yours,
"/s/ GEORGE C. WALLACE
"Governor"

Section 45 of the Constitution of Alabama 1901, in parts pertinent to the present question reads:

" * * * Each law shall contain but one subject, which shall be clearly expressed in its title * * *."

Section 71 of our Constitution provides:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools. The salary of no officer or employe shall be increased in such bill, nor shall any appropriation be made therein for any officer or employe unless his employment and the amount of his salary have already been provided for by law. *All other appropriations shall be made by separate bills, each embracing but one subject.*" (Italics ours.)

Act No. 92 is obviously a separate bill, and is obviously not a general appropriation bill. It can therefore be influenced by Section 71, supra, only as to that portion of Section 71, supra, requiring that such separate bill embrace but one subject. Such constitutional requirement is identical in purport with that part of Section 45, supra, providing that each law shall contain but one subject. Section 45, supra, contains the additional requirement that the subject of each law "shall be clearly expressed in its title."

It is clear therefore that if a separate bill meets the broader requirements of Section 45, supra, it, of necessity, will satisfy the requirements of Section 71, supra.

The title to Act No. 92 is phrased as follows:

"An Act, To raise revenue by levying a privilege or excise tax, in addition to all taxes and licenses now imposed by law, on every person licensed under the provisions of Title 29 of the Code of 1940, as amended, who sells, stores, or receives for the purpose of distribution, malt or brewed beverages; to provide for the collection and distribution of the proceeds of said tax; and to supersede and repeal Act No. 358 adopted at the 1945 Regular Session of the Legislature of Alabama and Act No. 66 adopted at the Second Extraordinary Session of 1955 of the Legislature of Alabama."

One of the purposes of the requirement of Section 45, supra, that the subject of a law shall be clearly expressed in the title, is to prevent surprise or fraud upon the legislature by incorporating in bills provisions not reasonably disclosed by its title, and which might be overlooked, and

unintentionally approved in enacting the bill. Opinion of the Justices, 247 Ala. 195, 23 So.2d 505. Another purpose is to fairly apprise the public of the import of the legislature so they may be heard. Grayson v. Stone, 259 Ala. 320, 66 So.2d 438.

■ However, this court is committed to the principle that this requirement as to clear expression of the subject of a bill in the title is not to be exactingly enforced in such manner as to cripple legislation, or is it to be enforced with hypercritical exactness, but is to be accorded a liberal interpretation. Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694; Taylor v. Johnson, 265 Ala. 541, 93 So.2d 143.

■ When the subject of a bill is expressed in general terms in the title everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it. Dearborn v. Johnson, 234 Ala. 84, 173 So. 864.

■ Under the above principles, it is our conclusion that the declaration in the title of Act No. 92 setting out, among other things, that it is "to provide for the collection and distribution of the proceeds of said tax" is sufficiently comprehensive and informative to reasonably permit an appropriation of such proceeds.

■ Nor does Act No. 92 offend Section 45, supra, by containing more than one subject.

■ The inhibitions of Sections 45 and 71, supra, that an act shall have but one subject are met if the act has but one general subject which is contained in its title. Norton v. Lusk, 248 Ala. 110, 26 So. 2d 849. And in Yielding v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580, this court stated:

"A statute has but one subject, no matter how many different matters it relates to, if they are all cognate, and

but different branches of the same subject."

A reading of the title of Act No. 92, and of the Act itself discloses that the grand and comprehensive pattern of the Act relates to but a single matter, and that all its provisions are germane and cognate, or complementary to the idea expressed in the title.

As stated in Nachman v. State Tax Commission, 233 Ala. 628, 173 So. 25:

"To provide that certain funds derived from particular sources shall be paid and used for designated purposes of government is in no sense an appropriation as contemplated by section 71 of the Constitution."

That is, merely because an act appropriates funds, it is not thereby a general appropriation bill.

It is our conclusion therefore that Act No. 92 does not offend Section 45, supra, nor Section 71, supra, by containing more than one subject.

Question 1 is answered in the negative.

Question 2 is answered in the negative.

In view of the negative answers to questions 1 and 2, no need arises to answer question 3.

■ Question 4, relating to Act No. 93 is answered in the negative. Act No. 93 specifically provides that the bonds issued by the Alabama Trade School and Junior College Authority authorized by Act No. 93 shall not constitute or create an obligation or debt of the State of Alabama. The provisions in Act No. 93 in this regard are in all material aspects similar to the provisions of Act No. 126, Second Special Session of the Legislature of 1959. (1959 Acts, Vol. 1, page 369.) In an advisory opinion five of the Justices of this Court answered that Act No. 126, supra, was not violative of Section 213 of the Alabama Constitution of 1901, as creating or incur-

ring a new debt against the State. Opinion of the Justices, 270 Ala. 147, 116 So.2d 588. The undersigned are in accord with that view.

Respectfully submitted,

J. ED LIVINGSTON,
Chief Justice

THOMAS S. LAWSON,
Associate Justice

ROBERT T, SIMPSON,
Associate Justice

PELHAM J. MERRILL,
Associate Justice

ROBERT B. HARWOOD,
Associate Justice