184 So.2d 115

**Teresa M. EDMONSON**

**v.**

**STATE INDUSTRIAL DEVELOPMENT AUTHORITY et al.**

**3 Div. 219.**

Supreme Court of Alabama.

March 10, 1966.

Wm. Alfred Rose, Ellene Winn, Thad G. Long and Bradley, Arant, Rose & White, Birmingham, for appellees.

**MERRILL, Justice.**

Appellant, individually and as a taxpayer and a citizen of the State of Alabama, filed this action seeking to have Act No. 662, General Acts of Alabama Regular Session, 1965 declared unconstitutional, and seeking injunctive relief to prevent its operation. The trial court held the act to be constitutional and denied injunctive relief. The Attorney General accepted service and waived further service or notice.

Act No. 662 creates a public corporation known as the State Industrial Authority, composed of the Director of the State Plan-

Goodwyn & Smith, Montgomery, for appellant.

ning and Industrial Development Board, the Director of Revenue, and the Director of Finance. We quote from the declaration of legislative intent:

> "* * * It is the intention of the Legislature by the passage of this Act to exercise its police power to authorize the formation of an independent public corporation which shall have as its general purpose the promotion of industrial development in this state, and which shall have power to issue bonds payable solely from the proceeds of a special state tax herein set aside for the purpose of retiring the said bonds. It is the further intention of the Legislature that the public corporation herein authorized shall have discretion as to the manner of expending funds at its disposal for the purpose of promoting industrial development in this state, subject to the limitations more particularly detailed hereinafter. This Act shall be liberally construed in accordance with the foregoing findings of fact and declaration of intent."

The State Industrial Authority, created by the act, filed an application for incorporation with the Secretary of State, and received a certificate of incorporation. Act No. 662, after granting the usual corporate powers, authorized the Authority to:

1. Anticipate by the issuance of bonds the receipt of revenues appropriated and pledged to the Corporation both by Act No. 662 and its companion Act No. 654.

2. Pledge as security for the said bonds the aforesaid appropriations and pledges.

3. Make surveys in order to determine suitable locations in this State for prospective industries.

4. Make surveys in order to ascertain the availability and classification of the labor force in various parts of the State.

5. Assist counties, municipalities, and local industrial development boards in the analysis of their industries, resources and needs.

6. Grant money to counties, municipalities, and local industrial development boards for the purpose of allowing these bodies to:

   a. Make surveys to determine the location of suitable industrial sites in the grantee's locality.

   b. Make surveys to determine the availability and classification of a suitable labor force in the grantee's locality, and

   c. Prepare suitable industrial sites for new and expanding industry through grading, draining and constructing access roads.

It is further provided in the act that any sums spent by a local grantee in the preparation of sites shall not exceed one and one-half per centum (1½%) of the total construction costs of the facility.

Act No. 662 does not authorize either the State or the State Industrial Development Authority to engage in works of internal improvement. Instead, the Authority's functions are to conduct certain surveys and make grants of money to local public bodies. The local public bodies may, if they so choose, use the grants for preparation of industrial sites or for the other purposes specified in the act. If the local public bodies choose to use the grants in whole or in part for a work of internal improvement, it is they—and not the State or the Authority—that have made the choice.

The act contains adequate safeguards to insure that none of the grants made by the Authority will become the property of any private individual, association, or corporation without fair consideration.

A new tax has been levied and appropriated to pay, at their respective maturities, the principal of and interest on bonds

issued by the Authority. No part of the taxes presently paid into the general fund of the State will or can be used to service the bonds authorized to be issued by the Authority. Furthermore, the act expressly provides that the bonds do not create a debt of the State, and the general faith and credit of the State are not pledged to service the bonds. The bonds are required to be retired solely from the receipts of the special tax levied for that purpose.

The act provides that the debts of the Authority shall not constitute debts of the State, and the act does not authorize the State to exercise any control over the actions of the Authority.

The assignments of error raise two general points—that the act violates Sections 93 and 213 of the Constitution of Alabama.

Section 93 provides in pertinent part: ·

"The state shall not engage in works of internal improvement, nor lend money or its credit in aid of such; nor shall the state be interested in any private or corporate enterprise, or lend money or its credit to any individual, association, or corporation."

There are five principal prohibitions in Section 93. The State is forbidden (1) to engage in works of internal improvement, (2) to lend money in aid of such, (3) to lend its credit in aid of such, (4) to be interested in any private or corporate enterprise, and (5) to lend money or its credit to any individual, association, or corporation.

█ (1) Act No. 662 does not authorize the State to engage in works of internal improvement.

In Ex parte Selma & Gulf R. Co., 45 Ala. 696, 732, this court said:

"The State undoubtedly may permit works of internal improvement to be constructed within its limits, without engaging as a party therein. It is this that the constitution prohibits. The State is different from a county. And the limitation being applied to the State alone, legal reasoning will not permit it to be extended beyond the State. 'Expressum facit cessare tacitum.'—Broom's Max. p. 278. The constitution, then, does not intend to fetter the action of the general assembly in its power to grant authority to any other corporations it may create to do what the State, as such, may not do. * * *"

In Opinion of the Justices, 254 Ala. 506, 49 So.2d 175, this court considered Act No. 648, General Acts 1949, which permitted municipalities to create industrial development boards. We substitute Act No. 662 now under consideration, for Act No. 648, and with that substitution, we paraphrase from paragraphs [12] and [13] of that opinion. It is clear that a corporation organized under Act No. 662 cannot be deemed to be embraced within the term "the State" contained in the foregoing provisions of Section 93. The principle that a corporation organized under Act No. 662 being a separate entity cannot be considered identical with a municipality applies with even greater force to the State than to the municipality within which such a corporation may be organized. Act No. 662 authorizes no action whatever on the part of the State. There is no basis whatever for identifying a public corporation under the act with the State of Alabama.

█ It is established that the inhibitions upon a state contained in Section 93 have reference solely to the state as an entity distinct even from its political subdivisions such as counties or towns. Sheppard v. Dowling, 127 Ala. 1, 28 So. 791; Ex parte Selma & Gulf R. Co., 45 Ala. 696.

█ Section 93 of our Constitution does not prohibit local public bodies from engaging in works of internal improvement, and nothing in Act No. 662 authorizes the State itself to engage in such works.

Appellant relies on In re Opinion of the Justices, 237 Ala. 429, 187 So. 244, where we opined that the act permitting the Com-

missioner of Agriculture and Industries to establish produce markets was in conflict with Section 93 of our Constitution. But it should be noted that we approved an act authorizing the establishment of an independent board to establish and operate produce markets. In re Opinion of the Justices, 247 Ala. 66, 22 So.2d 521.

We have also recognized the separate entity doctrine as applied to public corporations organized to perform functions on a state-wide basis. Opinion of the Justices, 275 Ala. 254, 154 So.2d 12 (Alabama Trade School and Junior College Authority); Opinion of the Justices, 270 Ala. 147, 116 So.2d 588 (Alabama Education Authority).

It is clear that, under the authorities cited, supra, Act No. 662 is not contrary to the prohibition in Section 93 that the State shall not engage in works of internal improvement.

■ (2) Lending money in aid of works of internal improvement. There is nothing in the act which suggests that there is any violation of this constitutional prohibition.

(3) Lending credit. This clause has been construed to have reference to the employing of the credit of the State to effectuate works of internal improvement, including the borrowing of money and the creation of a debt. In re Opinions of the Justices, 209 Ala. 593, 96 So. 487.

■ Act No. 662 does not authorize the State to borrow any money or incur any indebtedness. The bonds issued by the Authority do not create an obligation or debt of the State. The bonds are payable out of the receipts of a new special tax, Act No. 654, Acts of Alabama, 1965; and there is no assurance that there will ever be sufficient funds to pay the bonds; and the State has not pledged its faith and credit. The act does not contravene this part of Section 93.

■■ (4) Interest in private or corporate enterprise. This clause of Section 93 has been construed to mean, with certain exceptions not here pertinent, that the State may not engage, alone or in concert with others, in business of a type generally characterized as private enterprise. State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283; In re Opinion of the Justices, 237 Ala. 429, 187 So. 244. Act No. 662 does not authorize the State to engage in any private enterprise; nor does it authorize the Authority so to do. The Authority uses the proceeds from the sale and issuance of its bonds to make grants to local public bodies.

■ (5) Lending money or its credit to private parties. The act does not authorize or contemplate that the State or the Authority will lend either its money or its credit to private parties and has adequate safeguards to insure that public funds of the Authority are not so used. This court has held that Section 93 does not relate to lending either money or credit to public corporations. Rogers v. City of Mobile, 277 Ala. 261, 169 So.2d 282; State ex rel. Austin v. City of Mobile, 248 Ala. 467, 28 So.2d 177; Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695.

We conclude that Act No. 662 does not violate Section 93 of the Constitution.

We consider now the question whether the act violates Section 213, as amended. It is argued that the sale and issuance of the bonds by the Authority, or the appropriation and pledge made in the act for servicing the bonds creates a new debt of the State and thereby contravenes Section 213, as amended.

■ Bonds issued by a public corporation that is a separate entity from the State will not constitute a new debt of the State within the meaning of Section 213, as amended. We have specifically said that bonds issued by public corporations of the State do not fall within the prohibition of that section of the Constitution. Opinion of the Justices, 264 Ala. 176, 85 So.2d 391; In re Opinion of the Justices, 256 Ala. 170, 54 So.2d 68. And we have held that the bonds of a public corporation do not consti-

tute a debt of the State. Rogers v. Garlington, 234 Ala. 13, 173 So. 372; Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273; Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695. To the same effect are our opinions in Opinion of the Justices, 263 Ala. 174, 81 So.2d 699; Opinion of the Justices, 254 Ala. 506, 49 So.2d 175; In re Opinion of the Justices, 225 Ala. 460, 143 So. 900.

We now consider whether the appropriation and pledge in the act for servicing the bonds creates a new debt under Section 213, as amended. We hold that they do not under the authority of Rogers v. Garlington, 234 Ala. 13, 173 So. 372; Opinion of the Justices, 275 Ala. 254, 154 So.2d 12; Opinion of the Justices, 270 Ala. 147, 116 So.2d 588. In Rogers v. Garlington, supra, there was an appropriation and pledge of the state gasoline tax to pay bonds of the Alabama Bridge Authority; in the opinion in 275 Ala. 254, 154 So.2d 12, the appropriation and pledge were for bonds issued by the Alabama Trade School and Junior College Authority; and in the opinion, 270 Ala. 147, 116 So.2d 588, the pledge and appropriation were for bonds issued by the Alabama Education Authority. In each of the statutes under consideration there, and Act No. 662 here, there were striking and substantial similarities as listed below:

(1) Each provides that the bonds authorized to be issued thereunder shall not be general obligations of the issuing body but shall be payable solely out of the funds appropriated and pledged under the provisions of the applicable act;

(2) Each provides that the bonds authorized to be issued thereunder shall not constitute or create an obligation or debt of the State of Alabama;

(3) Each appropriates and pledges for the accomplishment of the purposes thereof so much as may be necessary of receipts of an excise tax of the State of Alabama;

(4) In none of the statutes was there any representation or agreement of any

kind that there would ever be any receipts from the tax pledged or that the receipts, if any, would be sufficient to service the bonds;

(5) In none of the statutes was there either a pledge of the faith and credit of the State or an agreement to pay the appropriation from any other funds if those appropriated should be insufficient to service the bonds;

(6) Each of the statutes authorized the use of proceeds of the bonds issued thereunder for a purpose of state-wide interest;

(7) Each of the statutes appropriated and pledged for the servicing of the bonds the receipts of a special tax which had not theretofore been paid into the general fund of the State.

We find no violation of either Sections 93 or 213, as amended, of our Constitution.

The decree of the trial court is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.