Plaintiff was an employee of Alabama Elk River Development Agency, Inc. He brought suit against Elk River seeking recovery under the Workmen's Compensation Act for alleged injuries received during the course of his employment. Elk River moved to dismiss the action on the ground that it was an agency of the state and immune from actions against it under art. 1, § 14 of the Alabama Constitution. The motion to dismiss was granted and plaintiff appeals. We affirm.
The Elk River Development Agency, Inc. (Elk River) was established by act of the legislature in 1965, now appearing in the Code of Alabama (1975) as § 33-12-1. Its establishment was further specifically authorized by Amendment 243 to the constitution, also ratified in 1965. Section 33-12-1 begins, inter alia, as follows:
 [T]here is hereby authorized and shall be established as hereinafter provided a state development agency for the Alabama portion of the Elk river watershed. The agency, when incorporated in accordance herewith, shall be an instrumentality of the state of Alabama.
There are provisions in the act providing that the agency may sue and be sued in its corporate name and that its employees "shall not be subject to the state merit system but they shall be members of the employees retirement system of Alabama the same as other employees in state service."
Plaintiff in contending that Elk River is not protected from suit by § 14 of the constitution relies primarily upon statements by our supreme court in the cases of Knight v. WestAlabama Environmental Improvement Authority, 287 Ala. 15,246 So.2d 903 (1971), and Edmonson v. State Industrial DevelopmentAuthority, 279 Ala. 206, 184 So.2d 115 (1966). In those cases the issue presented was whether the creation of those authorities was violative of the Alabama Constitution, primarily §§ 93 and 213. The court in Knight, in large part, relied upon what it had said in Edmonson. Section 93 of the constitution forbids the "State" from engaging in certain activities such as works of internal improvement, lending money or extending credit in aid of such, etc. Section 14 prohibits the "State" from being made a defendant in any court. The court in Edmonson said that the "State" as referred to in the constitution is an entity separate and distinct from its political subdivisions such as cities and counties and from public corporations established by acts of the legislature. The actions of such corporations are not acts of the "State" because they are made "independent entities" by the terms of the creating act.
It must follow that if a public corporation is a separate entity and its acts are not the acts of the "State" within the prohibitive provisions of §§ 93 and 213, neither is such corporation the "State" under the provisions of § 14 prohibiting suits against the "State."
However, the fact that Elk River, as a public corporation, is not protected from suit by § 14 does not bring its employees within the provisions of the Workmen's Compensation Act. The benefits of that act extend only to those stated therein or not excluded therefrom. It has long been established that employees of the State, its agencies and departments are not within the provisions of the Workmen's Compensation Law, but must depend for relief upon such as may be had through the State Board of Adjustment. Employers Insurance Co. v. Harrison, 250 Ala. 116,33 So.2d 264 (1947); Breeding v. Tennessee Valley Authority,243 Ala. 240, 9 So.2d 6 (1942); § 41-9, art. 4, Code of Alabama (1975). Plaintiff is an employee of an agency of the State and must seek compensation for his injury from the State Board of Adjustment.
The judgment dismissing plaintiff's action for workmen's compensation was correct.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 355