This is an appeal by permission, Rule 5, ARAP, from an interlocutory order entered by the circuit court, denying the Armory Commission of Alabama its motion to dismiss. The Commission's motion was based on its claim of governmental immunity; however, the circuit court found that the immunity afforded by Ala. Const. art. I, § 14 did not extend to the Armory Commission. We reverse.
On or about August 20, 1979, the plaintiff, Wanda T. Staudt, entered the National Guard Armory located in Morgan County. It was attested that at the time Ms. Staudt entered the building, the floor had been freshly swept and mopped and was being waxed. She allegedly entered the Armory at a fast pace, and as she attempted to turn around, her feet went out from under her, and she was thrown upon the floor, causing permanent physical injury, economic loss, and mental anguish.
She filed a tort action against the defendants — the Armory Commission of Alabama, a corporation, and Adjutant General Henry J. Cobb, Captain John Parker, and Sergeant Thomas E. McCutcheon, individuals. The action was dismissed without prejudice against Thomas E. McCutcheon, and the motion to dismiss the action against the other defendants was granted except as to the Armory Commission.
The Alabama Constitution art. I, § 14 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Code 1975, §§ 31-4-1 to 31-4-19, provides for the creation, composition, powers and duties of the Armory Commission. Section 31-4-3 specifically states that "[s]aid commission may in its corporate name sue and be sued. . . ." We are called upon to determine whether § 31-4-3 contravenes the constitutional provision.
Since our Constitution unqualifiedly prohibits suits against the state, the legislature may not consent to such a suit. DunnContr. Co. v. Board of Adjustment, 234 Ala. 372, 175 So. 383
(1937). Necessarily our inquiry is whether a suit against the Armory Commission is a suit against the state within § 14 of the Alabama Constitution. If so, it is of no consequence that Code 1975, §§ 31-4-2, -3, allows the Commission to incorporate and to sue and be sued in its corporate name, because the plenary authority of the legislature to enact laws is limited by provisions of our Constitution.
Whether a governmental body is immune from suit cannot turn on labels placed on the body by the legislature. Were it otherwise, the legislature could circumvent the constitutional prohibition by merely delegating a state function to a separate legal entity in the interest of legislative or administrative convenience. The legislature may not deny immunity from suit when that immunity is constitutionally granted.
Here, the legislature by statute permits the Armory Commission to incorporate.
 The power of the State to create a body corporate as its agent to carry on certain special kinds of work for its benefit or for the public interest can not be doubted. And where this power is exercised, *Page 993 
the institution thus established is in every sense a State institution, and belongs to the State, although managed and its affairs administered under the supervision of trustees of the body corporate created for that purpose. . . . And where [the corporations] are created, who has the property interest in these institutions? Clearly the State. In the exercise of its right of sovereignty it established them for public purposes; it donates the property or the funds to purchase it upon which they are built, supplies the means by which they are maintained and operated. They have no capital stock, or shares held by individuals. Indeed, they have no membership or stockholders. They are not created for profit, but solely as public benefactors, the beneficiaries being the people who compose the State.
White v. Alabama Insane Hospital, 138 Ala. 479, 482,35 So. 454, 454 (1903).
The fact of incorporation alone, then, in no way affects the character of a state institution, and if the Armory Commission is not immune from suit, it must be for reasons other than its status as a separate body corporate.
Appellee cites several Alabama appellate court decisions which indicate that the word "State" as used in the Constitution does not include public corporations. See, e.g.,Knight v. West Alabama Environmental Improvement Auth.,287 Ala. 15, 246 So.2d 903 (1971) (construing Ala. Const. art. IV, §§ 93, 94 and Ala. Const. art. XI, § 213); Edmonson v. StateIndus. Dev. Auth., 279 Ala. 206, 184 So.2d 115 (1966) (construing Ala. Const. art. IV, § 93 and Ala. Const. art. XI, § 213); Curtis v. Alabama Elk River Dev. Agency, Inc.,372 So.2d 353 (Ala.Civ.App. 1979) (construing Ala. Const. art. I, § 14). We do not overrule the cases but hold that some determination, other than the fact of incorporation, is required. Whether a lawsuit against a body created by legislative enactment is a suit against the state depends on the character of power delegated to the body, the relation of the body to the state, and the nature of the function performed by the body. All factors in the relationship must be examined to determine whether the suit is against an arm of the state or merely against a franchisee licensed for some beneficial purpose.State Docks Commission v. Barnes, 225 Ala. 403, 406-07,143 So. 581, 584 (1932).
In State Docks Commission v. Barnes, 225 Ala. 403,143 So. 581 (1932), the Court examined the function of the State Docks Commission and its relation to the state. Although concededly the operation of the state docks was a business or corporate undertaking, the Court examined other attributes of the state docks and the State Docks Commission to decide whether the Commission was an arm of the state and thus immune from suit. The Court noted that the state owned facilities in its own name and right. The Commission operated the docks as an agent for the state and not as a separate entity. State docks funds belonged to the state, and in the lawsuit, those funds would have been subjected to liability. The Court concluded that, under the circumstances, the State Docks Commission operated as a representative of the state and, consequently, was immune from suit.
After study of the case before us, we note that legislative power to organize and provide for a state militia is constitutionally provided. Ala. Const. art. XV, § 271. Substantial appropriations for the Armory Commission are made through the Military Department and are payable from funds in the state treasury to the credit of the Armory Commission. See,e.g., 1979 Ala. Acts, No. 79-124, p. 192. Additionally, the governor is authorized to use any appropriation for military purposes to pay expenses or obligations of the Commission. Code 1975, § 31-4-6.
We have said that a lawsuit directly affecting a state contract or property right is tantamount to a suit against the state. Gill v. Sewell, 356 So.2d 1196 (Ala. 1978). A judgment in favor of Ms. Staudt would directly diminish amounts appropriated to the Commission, and, should the Commission appropriation become insufficient, the *Page 994 
governor may find it necessary to supplement the Commission appropriation with funds from the general military appropriation. Without doubt, a judgment against the Armory Commission would adversely affect the state treasury.
In contrast to the Docks Commission, the Armory Commission permissibly operates in corporate form for a noncorporate or nonbusiness purpose, i.e., to provide and care for military facilities. In fact, whether the Commission is incorporated at all is discretionary with the Commission. See Code 1975, §31-4-2. Also, six of the nine Commission members are state officials or Alabama National Guard officers. See Code 1975, §31-4-1.
The make-up, function, and relation of the Commission to the state leads to the inescapable conclusion that the Commission operates as an arm of the state. That being so, the Constitution prohibits the instant lawsuit, and the motion to dismiss was due to be granted.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, JONES and EMBRY, JJ., dissent.