HOUSTON, Justice
(concurring specially).
I concur. However, I write specially to note that the majority in Ex parte Alabama Alcoholic Beverage Control Board, 683 So.2d 952 (Ala.1996) (“the ABC Board case”), seems to have cited with approval that part of State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487 (1939), that equates the State’s involvement in retail liquor sales with private enterprise. The Murphy Court stated:
“Defendant further argues that the words, ‘nor shall the state be interested in any private ... enterprise,’ mean merely that the State shall not be interested with individuals, associations or corporations in the operation of a private or corporate enterprise, and was not intended to prevent the State itself from engaging in a private enterprise.
“But we think this too narrow a construction of the Constitution, and clearly out of harmony with the motivating cause of the inclusion of this prohibition in our organic law. The interest referred to is a pecuniary interest in any private or corporate enterprise, and this prohibition was, we think inserted in our organic law as a limitation upon the power of the legislature to again place our State in business enterprises and in competition with private individuals or corporations; or to undertake those things which ordinarily might, in human experience, be expected to be undertaken for profit or benefit to private promoters.
*1054 “And we are of the opinion it is quite broad enough to embrace a business operated solely by the State for trade and traffic.”
237 Ala. at 335,186 So. at 490. This Court in the ABC Board ease stated:
“In determining whether the State’s operation of liquor stores in conjunction with the licensing of private retailers violates § 93, we must examine that constitutional provision. Section 93, as amended by Amend. 58, provides in pertinent part:
“ ‘The state shall not engage in works of internal improvement, nor lend money or its credit in aid as [sic] such, except as may be authorized by the Constitution of Alabama or amendments thereto; nor shall the state be interested in any private or corporate enterprise, or lend money 'or its credit to any individual, association, or corporation, except as may be expressly authorized by the Constitution of Alabama, or amendments thereto.’
“The clause at issue here — ‘nor shall the state be interested in any private or corporate enterprise’ — ‘has been construed to mean ... that the State may not engage, alone or in concert with others, in business of a type generally characterized as private enterprise.’ Edmonson v. State Industrial Development Auth., 279 Ala. 206, 210, 184 So.2d 115, 118 (1966) (citing Murphy, supra).
“In State ex rel. Wilkinson v. Murphy, supra, this Court held that the phrase at issue here is ‘broad enough to embrace a business operated solely by the State for trade and traffic.’ 237 Ala. at 335, 186 So. at 490. The Court nevertheless concluded that the ‘police power over liquor traffic is wholly uninfluenced and unaffected by any constitutional provision.’ 237 Ala. at 341, 186 So. at 496. The Court explained that ‘police power is inherent in the government, and while it may be set aside by the Constitution, yet in order to find that it has been so set aside the Constitution must plainly so indicate.’ Id.”
683 So.2d at 955.
I understood that both Murphy and the ABC Board case stood for the proposition that in selling liquor at retail the State was engaged in a private enterprise in competition with businesses, such as Welch’s Party Tyme Package Store, but that it was allowed to do so pursuant to its expansive police powers. As I noted in my opinion concurring in the result in the ABC Board case, I agree that the State’s involvement in the sale of liquor is a business enterprise; however, I do not believe that the State is involved in “private enterprise,” within the meaning of § 93 of the Alabama Constitution. My view of § 93 differs from that of the Murphy Court and from that of a majority of this Court as it is presently constituted, and I do not believe that it was necessary to the holdings in Murphy and the ABC Board case that the State’s involvement in liquor sales be equated with private enterprise. Based on the wording of the majority opinion in the present case (“we conclude that state liquor stores and private liquor stores are not ‘similarly circumstanced’ for purposes of the Equal Protection Clause,” 681 So.2d at 1051), I can only assume that Murphy and the ABC Board case have now been implicitly overruled to the extent that they equate the State’s liquor sales with private enterprise. Otherwise, I am at a loss to explain why those two cases and this one are not inconsistent in this respect.