*826 Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution No. 88, by which you request the opinion of the Justices as to whether Senate Bill 20, now pending in the Senate, violates § 213 of the Constitution of Alabama of 1901, as amended. The bill purports to authorize the incorporation of the “Alabama Revolving Loan Fund Authority” and to empower that Authority to issue up to $12 million in bonds for the purpose of making grants of revolving loan funds to several regional planning development commissions. As payment for the principal and interest on the bonds, the bill appropriates and pledges the proceeds from an existing privilege or license tax on cellular radio telecommunications. The specific question put to this Court is:
“Does Senate Bill 20, as Engrossed, violate Section 213, of the Constitution of Alabama of 1901, as amended by Amendment 26?”
We must, for the following reasons, conclude that the appropriation that would be made by § 9 of Senate Bill 20 would violate § 213 of the Alabama Constitution 1901.
I.
As amended, § 213 states that, after the ratification of the Constitution, “no new debt shall be created against, or incurred by the state, or its authority,” except under certain limited circumstances. This section thus prevents the legislature from enacting *827 laws that would deplete the funds available and necessary to meet the state’s current obligations in future years. Opinion of the Justices, No. 99, 252 Ala. 468, 41 So.2d 771 (1949). To that end, Amendment 26, amending § 213, explicitly states that “[a]ny act creating or incurring any new debt against the state, except as herein provided for, shall be absolutely void.”
This Court has previously expressed the opinion that a state corporation or authority may create debt without violating § 213, if no obligation is imposed upon the state to pay money toward the debt. Opinion of the Justices, No. 183, 278 Ala. 298, 178 So.2d 76 (1965). In Edmonson v. State Industrial Development Auth., 279 Ala. 206, 184 So.2d 115 (1966), this Court specifically held that the state may pledge irrevocably a particular revenue stream over many fiscal years for the payment of long-term bonds issued by a public corporation, without violating § 213; however, the Court held that this may be done only where the bonds are retired by a new revenue source that has not previously been payable to the General Fund.
Obviously, if a state corporation or authority creates a debt to be paid outright from the General Fund, the state is obligated to pay it and the debt is therefore constitutionally impermissible. Further, if the debt is to be paid by diverting funds from an existing revenue source that is already designated for the General Fund, then this also would constitute a debt of the state; there is no constitutional distinction between money that the state already has and that which it will receive. Opinion of the Justices, No. 346, 665 So.2d 1357 (Ala.1995). In order to escape being a new debt of the State, there must be a new source of revenue provided to retire the debt. Opinion of the Justices, No. 346.
II.
In § 8, Senate Bill 20 states:
“All contracts made and all bonds issued by the Authority pursuant to the provisions of this act shall be solely and exclusively obligations of the Authority and shall not constitute or create an obligation or debt of the State of Alabama.”
(Emphasis added.) Based upon this provision, it would at first appear that the debt created by the bond issue in Senate Bill 20 does not violate Amendment 213. However, this provision is then undercut by § 9, which provides, in pertinent part:
“Section 9. Appropriation of Revenues to the Authority; Pledge Thereof for the Benefit of the Bonds. For the purpose of providing funds to enable the Authority to pay at their respective maturities the principal of and interest on any Bonds issued by it under the provisions of this act and to accomplish the objects of this act, there is hereby irrevocably pledged to these purposes, and hereby appropriated the amount that may be necessary for those purposes from the receipts from the privilege or license tax on providers of cellular radio telecommunication services levied in Section 40-21-121, Code of Alabama 1975.”
Therefore, according to § 9, payment for the interest and principal on the proposed bond issue would come from the receipts of a privilege or license tax on providers of cellular radio telecommunications services. This tax is not being newly created for purposes of funding the bond issue; on the contrary, the tax was first levied in 1990. See § 40-21-121, Ala.Code 1975. Moreover, the receipts from this tax “shall be deposited into the State Treasury,” § 40-21-123. Clearly then, Senate Bill 20 would divert the receipts of this existing tax from the state treasury, rather than create a new source of revenue to fund its proposed bond issue. Senate Bill 20 thus proposes to create a new debt that the state would be responsible for, because it would be paid from taxes that have heretofore been designated to go to the state treasury. Section § 213 of the Constitution prohibits the diversion of existing taxes, which would otherwise be payable to the state treasury, for the payment of a public authority’s obligations; therefore, Senate Bill 20 violates § 213, Constitution 1901, as amended.
QUESTION ANSWERED.
Respectfully submitted
PERRY O. HOOPER, Sr. Chief Justice
*828 HUGH MADDOX RENEAU P. ALMON JANIE L. SHORES J. GORMAN HOUSTON, Jr. MARK KENNEDY RALPH D. COOK TERRY L. BUTTS HAROLD SEE Associate Justices