MAIN, Justice
(dissenting).
The trial court in this case concluded that no “meeting” of the Montgomery County Board of Education (“the Board”), as that term is defined in the Open Meetings Act, Ala.Code 1975, § 36-25A-1 et seq. (“the Act”), occurred on June 15, 2009, or on November 16, 2009, and it dismissed this case. The main opinion finds that the language of the Act is clear and unambiguous; therefore, it concludes, a “plain reading” of the Act shows that neither the event on June 15 nor the “back-to-back meetings” on November 16 qualified as a “meeting” within the meaning of § 36-25A-2(6)a.3. 125 So.3d at 131. I must respectfully dissent.
When interpreting a statute, a court must first give effect to the intent of the legislature. BP Exploration & Oil, Inc. v. Hopkins, 678 So.2d 1052 (Ala.1996).
“ ‘The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices, 264 Ala. 176, 85 So.2d 391 (1956).’
“Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380 (Ala.1979) (emphasis added). To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction. Ex parte Waddail, 827 So.2d 789, 794 (Ala.2001). If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided. Ex parte Meeks, 682 So.2d 423 (Ala.1996).”
City of Bessemer v. McClain, 957 So.2d 1061, 1074-75 (Ala.2006). See also Bleier v. Wellington Sears Co., 757 So.2d 1163, 1168 (Ala.2000) (“In construing acts of the Legislature, we ascertain its intent from the language used in the statute itself, if possible, as well as from the reason and necessity for the act and the goals the Legislature sought to accomplish.”). In his brief and at oral argument, Clay C. Slagle urged this Court to construe the term “meeting” liberally, thus raising the *138 issue of the ambiguity of the Act. Reading the Act as a whole, I find that the Act is ambiguous and that the literal construction applied by the main opinion would produce a result that is inconsistent with the purpose and policy of the Act.
The purpose of the Act is established by the legislature’s first statement in the Act. Section 36-25A-l(a) states:
“It is the policy of this state that the deliberative process of governmental bodies shall be open to the public during meetings as defined in Section 36-25A-2(6). Except for executive sessions permitted in Section 36-25A-7(a) or as otherwise expressly provided by other federal or state statutes, all meetings of a governmental body shall be open to the public and no meetings of a governmental body may be held without providing notice pursuant to the requirements of Section 36-25A-3. No executive sessions are required by the chapter to be held under any circumstances. Electronic communications shall not be utilized to circumvent any of the provisions of this chapter.”
I would construe the Act in light of the public policy as stated therein. Other states have used the same rationale in deciding whether the presence of two or more members of a governmental body at an event is considered a meeting. See, e.g., Spradlin v. City of Fulton, 982 S.W.2d 255, 258 (Mo.1998) (en banc) (“ ‘It is a basic rule of statutory construction that words should be given their plain and ordinary meaning whenever possible. Courts look elsewhere for interpretation only when the meaning is ambiguous or would lead to an illogical result defeating the purpose of the legislature.’ ” (quoting State ex rel. Maryland Heights Fire Prot. Dist v. Campbell, 736 S.W.2d 383, 387 (Mo.1987))); State ex rel. Newspapers Inc. v. Showers, 135 Wis.2d 77, 87, 398 N.W.2d 154, 159 (1987) (“An ambiguity can be created by the interaction of two statutes or by the interaction of the words and structure of the statute itself.... The statute is ambiguous because a reasonably well informed person could interpret ‘meeting’ to cover the convening of as few as two members of a governmental body to discuss issues before the body, a meeting of one-half or more of the body’s membership, a meeting of a quorum, or a meeting limited to a gathering where those present have the ability to exercise corporate power. Because the Open Meeting Law is ambiguous regarding which types of meetings are covered, this court must examine the legislative history, purpose, and broader context of the Open Meeting law to interpret the statute.”).
Because our legislature’s purpose in enacting the Act is to ensure that a public body’s deliberative process should be open to the public, I consider the event occurring both on June 15 and on November 16 to be “meetings” under the Act. Allowing such “meetings” to escape public scrutiny is contrary to the legislature’s intent.
I would hold that when members of a governmental body knowingly participate in a series of groups that, together, entail the participation of a quorum of the greater body and the effect of which is “intended to arrive at or influence a decision” of the greater body as to a matter expected to come before that body at a later date, the definition of “meeting” in § 36-25A-2(6) is satisfied. I would reverse the trial court’s judgment of dismissal and remand this case for the trial court to apply the evidence before it. Therefore, I must dissent.
MALONE, C.J., concurs.